ROCKPORT WATER COMPANY *vs.* INHABITANTS OF ROCKPORT
& others.

Suffolk.     March 13, 1894. — May 15, 1894.

Present. FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Water Company — Taking of Franchise — Payment not a Condition Precedent to
a Taking by Town — Remedy for Recovery of Price — Constitutional Law.*

Under St. 1893, c. 281, authorizing a town to take by purchase or otherwise the
franchise or corporate property of a water company "on payment to said corpo-
ration of the actual cost of its franchise, works," etc., payment is not a condition
precedent to the taking, and the water company cannot maintain a bill in equity
to enjoin the town, after the taking and before payment, from preventing the
laying of water pipes by the company.

HOLMES, J.   This is a bill in equity to enjoin the defendants
from preventing the plaintiff's laying down water pipes under
its charter.   The defendant town has voted unanimously to take
the plaintiff's franchise and property, and intends to prevent the
plaintiff from going on with its work.   It has not paid or ten-
dered any sum of money as the price, and the plaintiff has not
stated the amount of its claim.

By § 7 of the plaintiff's charter, (St. 1893, c. 281,) the town
has the right to take, by purchase or otherwise, the plaintiff's
franchise and corporate property "on payment to said corporation
of the actual cost of its franchise, works," etc.   It will be seen
that the franchise by the very terms of its creation is subject to
compulsory purchase, and that there is no question of the consti-
tutionality of a proceeding in accordance with the charter which
the plaintiff was content to accept.   *Braintree Water Supply
Co.* v. *Braintree,* 146 Mass. 482, 486.   The only question is what
the charter requires.

The strength of the plaintiff's argument is, that the words
quoted make payment a condition precedent to the taking, and
that therefore until payment the defendant has no right to inter-
meddle.   *Sands* v. *M'Clelan,* 6 Cowen, 582.   *Paynter* v. *James,*
L. R. 2 C. P. 348, 354.   But the considerations on the other side
seem to us stronger than the effect of the words "on payment."

The word " on " does not always make a condition precedent. *Dodd* v. *Ponsford*, 6 C. B. (N. S.) 324. *Dana* v. *Gill*, 5 J. J. Marsh. 242, 243, 244. As in the Braintree case, the town has the right to make a binding bargain by its own act alone. As was decided in that case, the act which makes the bargain is a two-thirds vote. The time of the vote purports to be the time of the purchase. If the actual cost which the town is required to pay is not to be estimated up to that moment, it is hard to fix any other. By § 7 the interest to be paid is to be reckoned to the date of the purchase or taking, which most naturally would be construed as meaning the date of the vote which makes the binding bargain. If the taking by the town was not complete when the vote was passed, then, in case of a dispute as to what was the actual cost, the town's right to proceed with the works, or to use them, would be suspended until the cost could be ascertained by a proceeding in court. On the other hand, it is for the plaintiff's advantage to regard the title as passing by the vote, so as to give it a right to the price at once. Otherwise it would be left to the action of the town, or to such remedy as it might have for a neglect to carry out the bargain within a reasonable time. This seems to us the view fairest to both parties. Apart from the fact that the liability of the franchise to be taken in this way is inherent in it by the terms of its creation, the security for payment is sufficient. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 54. If the town should delay payment wrongfully, no doubt it might be enjoined from further interference. See *Brickett* v. *Haverhill Aqueduct Co.* 142 Mass. 394, 397 ; *Woodbury* v. *Marblehead Water Co.* 145 Mass. 509, 511. It follows that the plaintiff had no right to do further work after the town vote was passed.

The present bill is not founded upon delay in payment or the need of security to the plaintiff, but upon a different view from that which we take of its rights until payment. The proper and sufficient remedy to recover the price under the statute is an action of contract, if the parties cannot agree upon the figures.

*Bill dismissed.*

*J. F. Simmons & H. H. Pratt*, for the plaintiff.
*W. H. Moody & S. D. York*, for the defendants.