HELEN LUNDBLAD *vs.* NEW AMSTERDAM CASUALTY
COMPANY.

Suffolk.    October 17, 1928. — November 27, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Liability.    *Subrogation.    Contract,*. What constitutes, Validity.
*Motor Vehicle.    Jurisdiction.    Conflict of Laws.*

The effect of a statute of the State of Rhode Island, providing that
"Every policy hereafter written insuring against liability for . . .
personal injuries . . . shall contain provisions to the effect that the
insurer shall be directly liable to the injured party . . . to pay him
the amount of damages for which such insured is liable. . . . Said
injured party . . . after having obtained judgment against the in-
sured alone, may proceed on said judgment in a separate action against
said insurer," is to subrogate the injured person to the rights of the
insured, and thereby to confer upon the injured party a right which
is one of substance and not merely one of procedure; and, since there
is nothing in such statute contrary to the public policy of this Com-
monwealth or in conflict with St. 1923, c. 149, one, who sustained
injuries in the State of Rhode Island as the result of the operation of
a motor vehicle described in a policy of insurance containing the
quoted provisions and issued in Rhode Island by an insurance com-
pany having a usual place of business in this Commonwealth, and who
obtained judgment on account of his injuries against the operator of
such motor vehicle in the United States District Court for the dis-
trict of Rhode Island, may prosecute an action of contract on such
judgment against the insurer in the courts of this Commonwealth.

CONTRACT.    Writ dated October 25, 1927.

The declaration is set forth in the opinion.    A demurrer
by the defendant, on the ground that the declaration set
forth "no cause of action known to the law," was ordered
sustained by *Cox,* J., with leave to the plaintiff to amend
within thirty days into a suit in equity.    The plaintiff
appealed.

*F. R. Mackenzie,* (*E. J. Sanderson* with him,) for the
plaintiff.

*M. J. Mulkern,* (*R. H. Willard* with him,) for the de-
fendant.

PIERCE, J.    This is an action of contract brought by a
citizen of Worcester in this Commonwealth against an in-

surance corporation duly organized under the laws of the State of New York and having its usual place of business at Boston in our county of Suffolk.

The plaintiff's declaration is as follows: "And the plaintiff says that on or before the 6th of November, 1926, the defendant had issued and entered into at the city of Providence, in the State of Rhode Island, a certain policy of insurance or agreement to and with the Interstate Motor Coach Corporation, a corporation duly organized under the laws of the State of Rhode Island and having its usual place of business in the city of Providence, in the County of Providence, in the State of Rhode Island, hereinafter called the named assured, and by the terms of said policy or agreement the insurance provided for therein was made available to any corporation legally responsible for the operation of a certain automobile described therein, provided such use or operation was with the permission of the named assured; that on the 7th day of November, A. D. 1926, while said policy or agreement was still in force the Providence-Worcester Coach Line, Inc., a corporation duly organized under the laws of the State of Rhode Island and having its principal place of business in said city of Providence, was, with the permission of said named assured, operating a certain automobile described in said policy or agreement, by reason whereof and under and by virtue of the terms of said policy or agreement the defendant did insure said Providence-Worcester Coach Line, Inc., against loss from liability imposed by law upon said Providence-Worcester Coach Line, Inc., for damages on account of injuries occasioned by the use of said automobile to the limit of ten thousand dollars for one person injured and to the limit of twenty thousand dollars on account of any one accident; that on the 17th day of October, 1927, the plaintiff did secure a judgment against said Providence-Worcester Coach Line, Inc., in the United States District Court for the District of Rhode Island in the principal sum of fifteen thousand seven hundred fifty dollars, together with costs of suit taxed at one hundred four dollars and seventy-nine cents, for damages on account of injuries sustained by said plaintiff by reason of the use of said automobile by said

Providence-Worcester Coach Line, Inc., on a certain public highway, Branch Avenue, in the city of Providence, on the 7th day of November, 1926, which judgment still remains unsatisfied; that by virtue of Section 7, Chapter 258 of the General Laws of 1923 of the State of Rhode Island the defendant is directly liable to the plaintiff for the amount of said unsatisfied judgment; Wherefore the defendant owes the plaintiff the sum of fifteen thousand eight hundred fifty-four dollars and seventy-nine cents, together with interest thereon from the 17th day of October, 1927." The defendant demurred thereto and assigned as reason therefor that the said declaration sets forth no cause of action known to the law. The demurrer was sustained, and the case is before this court upon the appeal of the plaintiff.

Pub. Laws of Rhode Island, c. 1268, § 9, passed April 24, 1915, provided that "Every policy hereafter written insuring against liability for personal injuries . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. . . . Such injured party . . . may join the insurer as a defendant." This statute was construed in *Dillon* v. *Mark*, 43 R. I. 119, to authorize a plaintiff to bring suit against the insurer directly or to proceed against the wrongdoer, the insured, and the insurer, and it was said at page 123, that "no distinction is made in the act between domestic and foreign insurance companies; both, if they choose to do business in this State, must conform to the law and are only authorized to issue policies in accordance with the law and subject to the provisions thereof." This decision was followed in *Morrell* v. *Lalonde*, 44 R. I. 20; *S. C.* 45 R. I. 112; and the constitutionality of the act was established in *United States Fidelity & Guaranty Co.* v. *Morrell*, 264 U. S. 572.

Chapter 2094 of Pub. Laws of Rhode Island (now G. L. of Rhode Island, c. 258, § 7) enacted April 27, 1921, provides: "Every policy hereafter written insuring against liability for property damage or personal injuries or both . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount

of damages for which such insured is liable. Such injured party . . . shall not join the insurer as a defendant. . . . Said injured party . . . after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer . . . all policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all provisions of such policies inconsistent herewith shall be void." Before the passage of said c. 2094, the United Railway Signal Company and the United States Fidelity and Guaranty Corporation entered into a contract whereby the latter insured the former against accidents resulting in personal injuries suffered by employees. One Carlson was injured through accident on August 27, 1921, subsequent to the passage of said c. 2094. He brought an action against both the insured and insurer. At the trial the action was dismissed as against the insurer on the ground that § 9 of said c. 1268, *supra,* which authorized the joining of the insurer as a defendant, had been modified, amended or repealed by c. 2094 of the Pub. Laws. Of this action of dismissal the court in *Carlson* v. *United Railway Signal Co.* 45 R. I. 72, 73, 74, said: "It is evident that if the policy insuring the Signal Company against liability for personal injuries contained a provision permitting plaintiffs to join the insurer as a defendant such a privilege was a part of the contract between the parties. That such a provision was contained in the policy is not disputed. . . . We do not think that a matter of procedure is the only thing here involved but that on the contrary the acts in question clearly confer substantial rights which are not in conflict . . . the decision of the Superior Court dismissing the suit as against the United States Fidelity and Guaranty Corporation was erroneous and must be reversed."

The provision of G. L. of Rhode Island, c. 258, § 7, "Said injured party . . . after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer: Provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar

to recovery against the other of the amount so paid; and provided, further, that in no case shall the insurer be liable for damages beyond the amount of the face of the policy," operates to subrogate the injured person to the rights of the insured defendant. The right to be subrogated to the rights of the insured against the insurer is one which a person suffering personal injuries does not have independently of a statute at law or in equity. *Lorando* v. *Gethro*, 228 Mass. 181, 187, 188. In the case before us both parties to the insurance policy made their contract subject to the provisions of the statute of Rhode Island, which requires that after judgment against the insured the insurer shall pay directly to the person injured the amount of the judgment, in so far as it remains unsatisfied and does not exceed in amount the face of the policy. The right conferred is one of substance and not one of mere procedure. It has been found to be valid in the State of its origin by the decisions of the Supreme Court of that State, and to be constitutional by the Supreme Court of the United States. See cases cited *supra*. If it is considered as a contract between the injured person and the insurer, the law creates the essential privity and makes a binding obligation. It creates a relation between the injured person and the insurer which brings the case within *Mellen* v. *Whipple*, 1 Gray, 317, and *Exchange Bank of St. Louis* v. *Rice*, 107 Mass. 37. "The defendant corporation has in its hands money which in equity and good conscience belongs to the beneficiary, and which in its . . . [policy] it has promised to pay him." *Dean* v. *American Legion of Honor*, 156 Mass. 435, 438.

There is nothing in the statutory provision quoted, *supra*, contrary to the public policy of this Commonwealth or in conflict with St. 1923, c. 149, which affords a remedy, to the person injured, through a bill in equity, against the insured and the insurer, to reach and apply the insurance funds in the possession of the insurer to the satisfaction of a judgment obtained by the injured person against the insured. It results that the order of the Superior Court is reversed, and the case is to stand for further proceedings in that court.

*So ordered*