ROBERT G. VANCE *vs.* JAMES W. BURKE & another.

Suffolk. April 4, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Insurance*, Against liability of operator of motor vehicle. *Constitutional Law*, Due process of law, Equal protection of the law.

An insurance company, having issued voluntarily a policy insuring against loss by reason of liability to pay damages for personal injuries arising out of the ownership, operation or use of a motor vehicle, and containing a clause substantially in the language of § 113A (4), added to G. L. c. 175 by St. 1925, c. 346, § 4, cannot maintain a contention, in a suit in equity against it under G. L. c. 214, § 3 (10), by one who has recovered judgment by default of the defendant in an action of tort against the insured for personal injuries, that it would be unconstitutional to compel the company to satisfy that judgment by reason of the facts that the insured, although required by the provisions of the policy to do so, did not notify the company of the accident in which the personal injuries were sustained by the plaintiff, or of any claim made against him by the plaintiff, and did not forward to the company the summons served upon him in the action; and that the company had no knowledge of the action until after the issuance of execution therein.

The constitutionality of said § 113A was not decided in the suit in equity above described.

BILL IN EQUITY, filed in the Superior Court on August 6, 1928, under G. L. c. 214, § 3 (10).

The suit was heard upon an agreed statement of facts by *Bishop*, J. Material facts are stated in the opinion. By order of the judge, a final decree was entered directing the defendant insurance company to pay to the plaintiff the sum of $4,044.35, together with interest thereon and costs. That defendant appealed.

The case was submitted on briefs.

*S. Rosenberg,* for the defendant Bristol Mutual Liability Insurance Company.

*W. B. Leach, Jr.,* for the plaintiff.

RUGG, C.J.   This is a suit to reach and apply, in satisfaction of a judgment obtained by the plaintiff against the defendant Burke (hereafter called the insured) for personal injuries sustained through collision with a taxicab owned by the insured, the liability insurance of the insured in the defendant Bristol Mutual Liability Insurance Company (hereafter called the insurer).   The insurer appealed from a decree in favor of the plaintiff.   The case was submitted on a statement of agreed facts.   Thus it appears that the plaintiff, having sustained injuries by reason of collision with a taxicab owned by the insured, sued out a writ against him, which was duly served.   The insured did not appear nor answer, and, after his default, damages were assessed against him in the sum of $4,000.   That judgment has not been satisfied in whole or in part although due demand therefor has been made.   More than thirty days having elapsed, the plaintiff brought this suit under G. L. c. 175, §§ 112, 113, and c. 214, § 3 (10).   See *Lorando* v. *Gethro,* 228 Mass. 181.   The insurer, in consideration of a premium paid by the insured, issued to him its policy of insurance, for a period covering the time here involved, against loss to the insured by reason of liability to pay damages to others for personal injuries arising out of the ownership, operation, or use of the taxicab by which the plaintiff was injured.   The insured did not deliver to the insurer the summons served on him in the action brought against him by the plaintiff, nor notify the insurer of the accident or of any claim made against him. The insurer knew nothing about such claim or action until after the issuance of the execution.   The policy of insurance contained these provisions:

"C  NOTICE TO THE COMPANY.   Upon the occurrence of death or personal injuries or any accident covered by this Policy, the Assured shall as soon as practicable after learning thereof, give written notice with full particulars to the Company or its duly authorized Agent.   The Assured

shall give like notice of any claim made on account of any such occurrence. If any suit or other legal proceeding mentioned in Agreement II is instituted against the Assured on account of any such occurrence, the Assured shall immediately forward to the Company or its duly authorized Agent every notice, summons, or other process served upon the Assured.

"D CO–OPERATION. The Assured, . . . shall at all times render to the Company all co-operation and assistance in the Assured's power."

"(c) No statement made by the Assured or on his behalf and no violation of the terms of this policy shall operate to defeat or avoid this policy so as to bar recovery within the limit provided in this policy by a judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and clause 10 of Section 3 of Chapter 214 of the General Laws."

The paragraph last quoted from the policy is in substance the same in its words as § 113A (4), added to G. L. c. 175 by St. 1925, c. 346, § 4. See now said § 113A as amended by St. 1928, c. 381, § 5.

The only points argued by the insurer are (1) whether it is constitutional to enforce a judgment against an insurer obtained by default against the insured when the insurer had no notice of the action or judgment, referring in this connection to said § 113A (4), embodied in substance in the policy and heretofore quoted, and (2) whether said § 113A (4) is class legislation. The insurer further states in its brief that it makes no contention that this statute is unconstitutional, but contends that it would be unconstitutional to compel it to satisfy this judgment against its insured in view of the fact that it has had no hearing and no chance to be heard.

We are of opinion that no constitutional question of this nature is open to the insurer on this record. It issued the policy. That is admitted. So far as appears on this record, that action was entirely voluntary on the part of the insurer. Its assumption of the liability here sought to be enforced was optional, not compulsory. The liability of the insurer in this particular has become contractual and is not statutory. Having entered into a contract freely, the insurer cannot be

heard to complain of its terms. One cannot assume an obligation of his own free will and then successfully assail its constitutionality. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, 88, and numerous cases there collected. *Selectmen of Clinton* v. *Worcester Consolidated Street Railway,* 199 Mass. 279, 285. *Rockport Water Co.* v. *Rockport,* 161 Mass. 279. *Ware* v. *Fitchburg,* 200 Mass. 61, 71. *Merchants Mutual Automobile Liability Ins. Co.* v. *Smart,* 267 U. S. 126, 130.

If the insurer had desired to test the constitutionality of said § 113A, in the particulars here argued or in any other aspect, the way was provided by the very terms of that section. The insurer might have filed a copy of a form of policy, omitting the terms now sought to be assailed, with the commissioner of insurance, and, if he had refused to approve such form, secured review of his action by the court. *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190.

By this decision we do not cast doubt upon the constitutionality of said § 113A. See *Opinion of the Justices,* 251 Mass. 569, 608, 609. We simply do not reach that question.

*Decree affirmed with costs.*