HARVEY E. SLEEPER & another, administrators with the will annexed, *vs.* HENRY D. STETSON.

Suffolk. April 11, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Insurance*, Motor vehicle. *Trustee Process. Conflict of Laws.*

Although a policy of motor vehicle liability insurance covered accidents occurring outside this Commonwealth and as to such accidents excluded the application of the statutory law of this Commonwealth and provided that specific statutory provisions of other jurisdictions where coverage was given should supersede inconsistent provisions of the policy applicable to coverage in such jurisdictions, and although injuries, which were of a character covered by the policy and for which the injured person recovered judgment against the insured, were sustained in New Hampshire, under the laws of which State the judgment creditor might reach by trustee process the right of the judgment debtor as the insured to be indemnified by the insurance company under the policy, the judgment creditor, although he might have proceeded to enforce such right of indemnity in the courts of this Com-

monwealth by process provided under our law, if any, was not entitled to do so by trustee process here: the form of remedy provided by the laws of New Hampshire did not control in the courts of this Commonwealth, whose laws provide no such remedy.

CONTRACT OR TORT, against Henry D. Stetson as the defendant and the Massachusetts Bonding and Insurance Company as trustee. Writ in the Municipal Court of the City of Boston dated March 19, 1931.

In the Municipal Court, the plaintiffs filed a motion to charge the trustee and the trustee filed a motion for its discharge. The motions were heard by *Putnam*, J. The declaration, material facts and rulings requested by the plaintiffs and refused by the judge are described in the opinion. The judge allowed the trustee's motion and denied that of the plaintiffs, and reported his action to the Appellate Division. The report was ordered dismissed, and the plaintiffs appealed.

*C. W. Lavers*, for the plaintiffs..

*R. Gallagher*, (*N. F. Fermoyle* with him,) for the trustee.

WAIT, J. The plaintiffs appeal from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report. Their intestate was injured in an automobile accident in New Hampshire. The defendant Stetson was found liable therefor in our Superior Court, and judgment was entered against him. Stetson held a policy of insurance issued in this State by the Massachusetts Bonding and Insurance Company which would cover a loss resulting from the use of the automobile on the ways of New Hampshire. The policy, as to accidents occurring outside of Massachusetts, excluded the application of the Massachusetts statutory law, and provided: "If any of the Agreements, Conditions or Declarations" of the contract policy applicable to coverage outside Massachusetts, "are at variance with any specific statutory provisions of any State, Territory, District or Province within which coverage is granted, such specific statutory provisions shall supersede any such Agreement, Condition or Declaration of this policy inconsistent therewith." The statutes of New Hampshire provide (New Hampshire Laws

of 1927, c. 54, § 6), that the liability of an insurer under a
motor vehicle liability policy shall become absolute when-
ever loss or damage covered by the policy occurs, that
satisfaction of a final judgment for such loss or damage by
the insured shall not be a condition precedent of the in-
surer's duty to make payment; and, further, that the judg-
ment creditor shall be entitled to have the insurance money
applied to the satisfaction of the judgment, if, at the accrual
of the cause of action, the judgment debtor was insured
under such a policy. The courts of New Hampshire have
held that, after judgment, the judgment creditor may
attach the right of the judgment debtor to be indemnified
by an insurance company by trustee process. *Lombard*
v. *Maguire-Penniman Co.* 78 N. H. 110; *S. C.* 78 N. H.
280. He may also proceed in equity. *Sanders* v. *Frankfort
Marine, Accident & Plate Glass Ins. Co.* 72 N. H. 485.

The plaintiffs, after obtaining judgment in this Com-
monwealth against Stetson, brought this action by trustee
process against him as principal defendant and summoned
the insurer as trustee. In the second count of their decla-
ration they allege the making of the policy, the recovery of
judgment against Stetson, their rights under the statutes
of New Hampshire to the indemnity secured by the policy
to Stetson, and claim the right to proceed by trustee process,
to have judgment against Stetson and execution issue
against the insurer. The trustee answered "no funds."
Stetson defaulted. Interrogatories to the insurer were
answered. The trustee answered *inter alia* that it pro-
posed to save all defences open to it and in especial relied
on the provision of the policy that it did not cover the
automobile when used for renting or livery use or the carry-
ing of passengers for a consideration.

The judge refused to charge the trustee, granted its
motion for discharge, and refused requests for rulings that
"The procedure to recover a final judgment to the extent
of the indemnity provided under the terms of the policy
issued to the defendant by the trustee, is to be had under
the remedy provided by the laws of New Hampshire, and
that remedy is by trustee process," and that the trustee

was to be charged with interest on the full sum of the final judgment from the date of its entry, and with "costs . . . in this court."

An essential question is whether trustee process lies. The plaintiffs concede that, had the accident occurred in Massachusetts, the obligation of the insurer to indemnify the debtor would not be attachable by trustee process. They contend, however, that as the accident happened in New Hampshire, and the policy by its terms made the laws of New Hampshire applicable, the remedy by trustee process is open to them. We cannot yield to this contention. The substantive right to recovery against the insurer is given to the injured party or those entitled as representing him by the terms of the policy. *Vance* v. *Burke,* 267 Mass. 394.

It cannot successfully be contended that the plaintiffs may not proceed by appropriate process to enforce that right in the courts of Massachusetts. *Lundblad* v. *New Amsterdam Casualty Co.* 265 Mass. 158. But nothing in the cases cited decides that the courts of Massachusetts must recognize as appropriate process the forms of procedure authorized or specifically made applicable in another jurisdiction, even if that other jurisdiction creates the substantive cause of action. *Drake* v. *Rice,* 130 Mass. 410. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459. *National Surety Co.* v. *Nazzaro,* 239 Mass. 341.

A litigant who resorts to the courts of Massachusetts must accept the form of remedy which those courts provide. The *lex fori* governs the remedy. In *Lundblad* v. *New Amsterdam Casualty Co.,* the form of remedy was not involved. The question arose on a demurrer based on the ground that no cause of action was set out. This court held that by the laws of Rhode Island a right "of substance and not one of mere procedure" was given the plaintiff so that the demurrer should have been overruled. There is no intimation that Rhode Island by its statutes could impose a form of procedure on our courts.

None of the cases cited by the plaintiffs where rights created by foreign jurisdictions have been recognized and

enforced here has decided that the form of remedy may be controlled by those jurisdictions.

The leading cases of *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176, and *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527, point out that the forms of procedure provided by the foreign jurisdiction are not binding here.

It is not necessary to consider whether in view of its other answers the trustee was entitled to discharge. The trustee process was not available to the plaintiffs. The trial judge was right in his rulings, and the order of the Appellate Division dismissing the report is

*Affirmed.*