For plaintiff: Max Winograd.

For defendant: W. H. McSoley.

John I. Byron
vs.                              }
Great American Indem- } Eq. No. 12019.
nity Co. and                }
James B. Brown            }

July 3, 1933.

CHURCHILL, J. Heard on bill, answers and proofs.

The complainant seeks by this bill to compel an insurance carrier to respond, up to the amount of its policy, to a judgment recovered by the complainant in an action of negligence in the Superior Court of the State of Rhode Island for the County of Providence.

James B. Brown, the respondent, is the insured and is the judgment debtor. He was a resident of Attleboro in the Commonwealth of Massachusetts and on January 1, 1930, the respondent Great American Indemnity Company issued to Brown, in Massachusetts, a policy of insurance in the sum of $5,000 under the Compulsory Motor Vehicle Liability Insurance Act of Massachusetts. The obligation of the company under the policy was to pay all sums in accordance with the provisions of such act, namely, Chapter 346 of the Act of 1925 of the Commonwealth of Massachusetts, which Brown might become liable to pay by reason of the operation of his automobile for bodily injuries to a third person.

January 10, 1930, this policy being in force, while Brown was operating the automobile covered by the policy, he struck the complainant, John I. Byron, inflicting bodily injuries upon him. January 19, 1931, the complainant began an action for negligence in the Superior Court for the County of Providence against the defendant Brown. The writ was dated January 19, 1931, and was handed to the sheriff for service on the same date, and was served on the defendant within this jurisdiction on January 22, 1931.

A plea of the general issue was filed by the defendant. After a trial on the merits, the defense being conducted by the insurance company under the policy, a verdict of $13,000 was obtained by the complainant. After prosecution of a bill of exceptions to the Supreme Court, judgment was entered in the Superior Court for $9,000 on January 21, 1933, as of October 30, 1932, and this judgment is now in full force and effect and totally unsatisfied.

The complainant, after thirty days had elapsed from the rendition of the judgment on January 21, 1933, brought this bill in equity to reach the insurance fund in the hands of the insurance company and to compel it to apply the fund to the satisfaction of the judgment up to $5,000.

At the core of the case are the questions: first, as to whether the complainant as a judgment creditor has a right to the proceeds of the insurance policy under the laws of Massachusetts, and secondly, if so, can he enforce such right in the courts of this state.

The pertinent statutory provisions are found in the following acts of the Commonwealth of Massachusetts:

Acts of 1914 of the Commonwealth of Massachusetts, Chapter 464, Section 1, as amended by Acts of 1923, Chapter 149.

Also known as General Laws of Massachusetts of 1921, Chapter 175, Section 112 as amended by Acts of 1923, Chapter 149:

"The liability of any company under a policy insuring against liability for loss or damage on account of bodily injury or death by accident or on account of damage to property shall become absolute whenever such loss or damage for which the insured is responsible occurs and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage. No such contract of insurance shall be cancelled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage and any such cancellation or annullment shall be void."

Acts of the Commonwealth of Massachusetts, Chapter 464, Section a as amended by Acts of 1923, Chapter 149.

Also known as General Laws of Massachusetts of 1921, Chapter 175, Section 113 as amended by Acts of 1923, Chapter 149.

"Upon the recovery of a final judgment against any person by any person, including executors or administrators, for any loss or damage specified in the preceding section if the judgment debtor was at the accural of the cause of action insured against liability therefor the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment as provided in the 10th clause of Section 3 of Chapter 214."

Chapter 214, General laws of 1921, clause 3:

"The supreme judicial and superior courts shall have original and concurrent jurisdiction in equity of the following cases:

'Clause 10: Suits to reach and apply in satisfaction of a judgment for loss or damage for bodily injury or death by accident or for damage to property which has not been satisfied within thirty days after the date when it was rendered, the obligation of an insurance company to the judgment debtor under such policy insuring him against liability for loss from such injury or death by accident or such damage to property.' "

Construing an earlier statute giving the injured party the right of recovery against the insurance carrier couched in language similar to the statute now

in force, the Supreme Judicial Court of Massachusetts said in *Lorando* vs. *Gethro* and another, 288 Mass. 181 at 186:

"The second section establishes a temporary lien in favor of one, who has put the damages, resulting to him from the casualty insured against, in the form of a judgment, on the amount due under the policy as between the insured and the insurer.

And at page 187:

A further important feature of the statute is to give to the person injured by the conduct, against loss from which the assured is insured by his policy of insurance, a certain beneficial interest in the proceeds of that policy. It does not enlarge nor modify in any respect the substantial liability created by the contract of insurance. It merely enables the person suffering the initial damages, out of which grows the loss to the insured, to acquire a lien against the loss and the right to damages or indemnity arising under the policy and to enforce it in his own name. In a constitutional sense this phase of the statute does not differ from many others which have been upheld. When a statute is in force, giving special force and effect to a particular contract, parties who enter into such a contract are held to contemplate and assent to the force and effect attributed to it by such statute."

In *Vance* vs. *Burke*, 267 Mass. 394 (1929) which involved a bill in equity to reach and apply a fund in the hands of the insurance company, the Court used the following language:

"The liability of the insurer has become contractual and is not statutory."

In *Sleeper* vs. *Stetson*, 182 N. E. 342 (Mass. 1932), the Court drew a distinction between the substantive right created by the statutory law of another state (N. H.) and the remedy afforded by such statute, ruling that the substantive right might be enforced in Massachusetts but under the remedy afforded by that commonwealth.

In *Lundblad* vs. *New Amsterdam Casualty Co.*, 265 Mass. 158, the Court held—construing the Rhode Island Statute giving the injured party a right to the proceeds of the insurance policy—that "the right to be subrogated to the rights of the insured against the insurer is one of substance and not one of mere procedure".

From the current of Massachusetts decisions put in evidence, it is clear that under the policy issued and under the statutes of Massachusetts, a substantive right has been created and that such right accrued to the complainant to compel the insurance company to pay the amount of the policy to him. It may be added that our Supreme Court has taken the same view of our own act giving a remedy to the injured party, holding that the acts in question—Public Laws, Chap. 2094 (1921) and Public Laws, Chap. 1268, (1915) Sec. 9—"clearly confer substantial rights which are not in conflict".

Is the right one which the complainant can enforce in the courts of Rhode Island?

The rule governing the enforceability of a foreign law as commonly phrased is that a substantive right arising under a local statute will be enforced *ex comitate* in another state unless good reason exists against such enforcement.

Reasons which it is said forbid enforcement are that an act is penal in character, or because the state of the forum fails to provide appropriate procedure, or because enforcement would be obnoxious to the public policy of the state of the forum.

*Higgins* vs. *Central N. E. & Western R. R.*, 155 Mass. 176;

*Howarth* vs. *Lombard*, 175 Mass. 570;

*Bradford Elec. Co.* vs. *Clapper, Admx.*, 286 U. S. 145 at 160.

Clearly the Massachusetts act is not penal in its nature and, therefore, the cases of *O'Reilly* vs. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388, and *McLay* vs. *Slade*, 48 R. I. 357, cited by respondent, are not in point since they had to do with an act of Massachusetts giving a remedy for death by wrongful act which the courts of both Massachusetts and Rhode Island have declared to be penal in character.

Furthermore, the right created under the Massachusetts statute is not repugnant to our own public policy. Legislation in force since 1921 (Pub. Laws 1921, Chap. 2094, and Gen. Laws 1923, Chap. 258, Sec. 7) in this state has afforded the injured party a remedy against an insurance company which has issued a policy of insurance covering loss arising from the operation of an automobile.

It is likewise clear that the right can be enforced consistently with the form of procedure in force in this state by a bill in equity. A bill to reach and apply is given a judgment creditor against the insurance company in Massachusetts and such procedure is a familiar remedy in equity in this state. No substantial reason can be perceived why any injustice will result to the respondent company if a bill to reach and apply be prosecuted in this jurisdiction.

The next point raised by the respondent company is that the act requires that an action of tort for bodily injuries in Massachusetts must be begun within one year after the cause of action accrues, and that such limitation is a special limitation under the Compulsory Motor Vehicle Liability Insurance Act of Massachusetts and becomes, therefore, under the terms of the act, a part of the insurance contract and a condition precedent to recovery; that the complainant, therefore, not having commenced his action. in which he recovered judgment, within one year from the time that the cause of action accrued, cannot now maintain this bill to reach and apply.

This question seems to be set at rest by decisions of the Supreme Judicial Court of Massachusetts put in proof.

*McLean* vs. *Hill*, 177 N. E. 617, held that the one year limitation was not of the essence of the cause of action but a legal restriction on the remedy merely.

*Decosta* vs. *Ye Craftsman Studio*, 180 N. E. 151, decides that the Compulsory Motor Vehicle Liability Insurance Act of Massachusetts did not create a special statute of limitation but that the general statute of limitation, of which the one year limitation was a part, still controlled in an action of tort for bodily injuries.

The statute of limitation affecting only the remedy and not being a part of the substantive right created, it is clear that the law of the forum applies.

*Staples* vs. *Waite*, 30 R. I. 516.

The complainant is entitled to the relief prayed for and a decree may be entered conformable to the rulings in this rescript.

For complainant: Ralph M. Greenlaw.

For respondents: Clifford A. Kingsley, William M. Connell.