CHARLES L. FARRELL *vs.* EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.

NOVEMBER 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action on debt brought to recover from the defendant the amount of the judgment obtained by the plaintiff in the Superior Court against one Adolphus J. Holmes for injuries sustained by reason of the negligent operation in this State of an automobile owned by said Holmes whose residence is in the Commonwealth of Massachusetts.

The present action was tried by a justice of the Superior Court sitting without a jury and decision was rendered for the plaintiff for the amount of the aforesaid judgment.

The case is here on defendant's exceptions: to the decision and to rulings admitting and rejecting testimony.

The defendant issued in Massachusetts its policy of insurance to said Holmes and incorporated therein the following provision: "No statement made by the Assured or on his behalf either in securing this policy or in securing the registration of the motor vehicle or trailer covered thereby and no violation of the terms of this Policy and no act or default of the Assured, either prior or subsequent to the issuance of this Policy, shall operate to defeat or avoid this Policy so as to bar recovery within the limit provided in this Policy by a judgment creditor proceeding under the provisions of Section 113 of Chapter 175 and Clause 10 of Section 3 of Chapter 214 of the General Laws."

Clause 10 of Section 3 referred to in the above quotation gives to the Supreme and Superior Courts original and concurrent jurisdiction in equity in "suits to reach and apply in satisfaction of the judgment for the loss or damage for bodily injury or death by accident or for damage to property . . . the obligation of an insurance company to the judgment debtor under a policy insuring him against liability for loss or damage from such injury or death by accident or such damage to property."

The defendant contends that the plaintiff can not maintain his action at law for the reason that, under the law of Massachusetts which he invokes, recovery must be sought in equity. This contention we think is sound. The right which the plaintiff asserts is not a right at common law but is conferred by statute and must be pursued by the method prescribed by the statute.

We have held that extraterritorial force cannot be given to a statute of this State. *Coderre* v. *Travelers Ins. Co.*, 48 R. I. 152; *Riding* v. *Travelers Ins. Co.*, 48 R. I. 433. The plaintiff seeks recovery and relies on a contract made in Massachusetts where, by the express terms of the statute which was recited in the contract, he must proceed in equity. To allow him to maintain his present action at law would, in

effect, be giving extraterritorial force to our statute which permits in this State recovery under similar circumstances in an action at law. In *Moies* v. *Sprague*, 9 R. I. 541, this court held: "that where a statute creates a right or liability and prescribes a remedy, the remedy prescribed is the only remedy." *Fourth National Bank* v. *Francklyn*, 120 U. S. 747.

The plaintiff relies on *Lundblad* v. *New Amsterdam Casualty Co.*, 265 Mass. 158. That case was an action at law brought in Massachusetts under the provisions of Section 7, Chapter 258, General Laws of Rhode Island and it was held that the action was maintainable in Massachusetts at law as provided in said statute. Statements in the opinion which the plaintiff here maintains are favorable to his position were made with reference to our statute and not to a Massachusetts statute.

For the foregoing reasons we conclude that the plaintiff has mistaken his remedy but it does not follow that he is without a remedy in this State. While our statute provides for recovery in an action at law, nevertheless the right to recover directly from an insurance company on a policy issued to a judgment debtor rests on the equitable principle of subrogation and it therefore may properly be enforced in equity as provided in the Massachusetts statute.

We find no merit in defendant's further contention that the contract of insurance on which suit was brought is contrary to the public policy of this State. The purpose of the statute of both states is to secure to an injured party the benefit of a contract of insurance entered into between the party causing the injury and the insuring company. The fact that the Massachusetts statute makes recovery more certain by depriving the insuring company of certain defenses is not so contrary to our public policy as to warrant a denial of a remedy in our courts to one seeking recovery, in a proper action, on a policy of insurance similar to the one in suit.

The defendant's exception to the decision is sustained on the ground that the Superior Court sitting as a court of law was without jurisdiction to entertain the action. In this view of the case, it is unnecessary to consider the defendant's other exceptions.

The papers in the case are ordered remitted to the Superior Court with direction to dismiss the action without prejudice to the right of the plaintiff to prosecute his claim in equity.

*Edmund F. Beagan, Robert P. Beagan,* for plaintiff.
*Sherwood & Clifford, Sidney Clifford,* for defendant.