LEWIS A. ROBERTS *vs.* AARON W. SPENCER & others.

Suffolk. November 22. — 26, 1877. ENDICOTT & LORD, JJ., absent.

On the question whether A. knew that B. had withdrawn from a partnership before A. made a contract with it, newspapers regularly taken by A., containing statements as to the dissolution of the firm and B.'s retirement from it, are admissible; and A.'s affidavit to the proof in bankruptcy, against the other partners only, of his claim under the contract, is admissible, for the same purpose, and to contradict A.'s testimony that he supposed B. to be a member of the partnership, and relied upon him in making the contract.

Notice to a party to produce a letter, which he has testified he had not in his possession and had never received, is unnecessary as a preliminary to the introduction of a copy of the letter in evidence.

CONTRACT against the defendants as members of the firm of Spencer, Vila & Company, on two checks, dated in June, 1872, signed by the firm name, and payable to the plaintiff or order, and on an account due the plaintiff from the firm for the purchase and sale of stocks. Spencer filed an answer containing a general denial, and alleging that he was not a member of the firm at the time of the transactions in question. The other defendants pleaded their discharge in bankruptcy, and the action was

discontinued as to them. Trial in this court, before *Soule*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff introduced evidence tending to prove that Spencer was a member of the firm from July 1, 1857, when it was formed, until after the time of the transactions in question. The plaintiff also testified that he did business with the firm prior to the summer of 1872, but did not state any instance except that on April 19, 1867, he bought a right, in writing of the firm, to buy one hundred shares of stock of the Boston Water Power Company, within a certain time, at a certain price, paying therefor $125; that he did this business with Spencer, paying by his check; and that he supposed that Spencer was a member of the firm, and relied on him in the matters in controversy.

The defendant put in evidence tending to show that he was a member of the firm when it was formed in 1857 by himself and Vila, for carrying on business as bankers and brokers; that one Farley was admitted to the firm in 1863; that this firm was dissolved on July 1, 1867, Spencer withdrawing; that Vila and Farley continued the business until 1869, when Farley withdrew and Wardwell went in, and these two continued the same business under the original firm name till they failed in the autumn of 1872; and that the plaintiff did no business with the firm prior to the alleged withdrawal of Spencer.

The defendant was permitted to put in evidence the advertisement of the dissolution of the firm and withdrawal of Spencer, published by the members of the firm in the Boston Advertiser and the Boston Post, on July 1, 1867, and an editorial article on the withdrawal of Spencer from business, published in the Boston Post on July 2, 1867. To the admission of this evidence the plaintiff objected. The plaintiff had already testified that he advertised at that time in both of these newspapers, and that they were sent regularly to his place of business.

The plaintiff testified that he did not know or hear of the withdrawal of Spencer from the firm until late in 1873. On his cross-examination, his attention was called to an affidavit of his proof in bankruptcy of the claim sued on, against the estate of Vila and Wardwell, as partners under the firm and style of Spencer, Vila & Co. The plaintiff testified that he signed the

affidavit and made oath to it, but that he had no recollection of so doing; that the paper was not in his handwriting; and that he did not read it and did not know its contents. The defendant was permitted, against the plaintiff's objection, to read the affidavit to the jury. The plaintiff, having afterwards introduced evidence tending to show that the claim was not proved against the estate of Vila and Wardwell, as partners under the firm of Spencer, Vila & Co., the defendant called one of the assignees in bankruptcy, who testified that the claim failed of allowance merely because the vouchers were not filed, and that he gave written notice thereof to the plaintiff, by a letter put into the mail, post-paid, to his address, a duplicate of which he produced, and was permitted, against the objection of the plaintiff, to read it to the jury. No notice had been given to the plaintiff to produce the letter sent to him, but he had testified that he had not possession of it and did not receive it.

The case was submitted to the jury with full instructions, to which no exception was taken. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*E. Avery*, for Spencer.

BY THE COURT. All the exceptions are to the admissibility of evidence, and none of them can be sustained. The statements published in newspapers regularly taken by the plaintiff were competent upon the question whether he knew that Spencer had withdrawn from the partnership before the contract sued on was made. The plaintiff's affidavit to the proof of his claim in bankruptcy against the other partners was admissible upon the same question, and to contradict his testimony that he supposed Spencer to be a member of the partnership, and relied upon him in making the contract. It would have been futile to give the plaintiff notice to produce a letter which he testified he had not in his possession and had never received.

*Exceptions overruled.*