JOSEPH H. LUNT *vs.* AETNA LIFE INSURANCE COMPANY OF HARTFORD.

Worcester.     September 28, 1927. — January 3, 1928.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Insurance*, Against liability. *Estoppel. Res Judicata. Evidence*, Materiality. *Contract*, Construction. *Words*, "Or."

The mere fact, that an insurance company, the insurer in a policy of insurance against liability caused by operation of a motor vehicle which provided that "If suit is brought against the Assured to enforce a claim for damages covered by the policy . . . the Company will, at its own cost, defend such suit in the name and on behalf of the Assured," caused its counsel to conduct the defence of an action against the insured for personal injuries alleged to have resulted from negligence in operating such a vehicle, did not estop the company from denying that the policy covered the insured with respect to liability to the plaintiff in such action, where it appeared that the insured was personally represented by counsel in court during the entire trial of the action, and was not misled by the conduct of the insurance company nor induced thereby to do anything different from what he otherwise would have done, and there was no evidence of any harm resulting to him from the conduct of the insurance company.

The declaration in the action against the insured above described contained one count alleging in substance that the plaintiff was in the employ of the insured and was being transported in the motor vehicle as part of

the employment; three other counts omitted any reference to the employment of the plaintiff by the insured. A special question to the jury, "At the time of the accident . . . was the said . . . [plaintiff] in the employment of the defendant?" was answered by the jury in the affirmative. There was a general verdict for the plaintiff and execution issued. In an action by the insured against the insurer on the policy, it appeared that the policy contained a provision that the insurance company was not to be held liable for "Accidents to any other employee of the Assured arising out of or in the usual course of the trade, business, profession or occupation." The insurer contended that the answer of the jury to the special question at the trial of the action against the insured barred recovery on the policy. *Held,* that

(1) The insurance company not being a party to the action against the insured, the principle of *res judicata* had no application;

(2) The principle of estoppel by judgment had no application;

(3) It was open to the insured to show that the injured person was not his employee and the burden was on him to prove that fact as a condition precedent to recovery on the policy;

(4) It appearing that the accident resulting in the injuries for which the insured had been held liable occurred when the injured person, a woman, at the invitation of the insured was being transported to a fraternal association dinner at which she was to be a waitress, evidence offered to show that the injured person was not an employee of the insured injured in an accident "arising out of or in the usual course of the trade, business, profession or occupation," and to the effect that the expenses of a dinner at which she was to be a waitress were borne by the association, that the insured "didn't cater for the dinner," and that a third person had charge and had been furnished with funds "to pay the help," should have been admitted.

A contention by the insured, that the word "or" before the words "in the usual course" in the provision of the policy, "Accidents to any other employee of the Assured arising out of or in the usual course of the trade, business, profession or occupation," should be construed as meaning "and," was not tenable.

CONTRACT upon a policy of insurance against loss due to liability for damages arising from the use of a certain motor vehicle. Writ dated June 19, 1924.

The action previously was before this court upon a report by *Qua,* J., of a ruling sustaining a demurrer to the declaration when, in a decision reported 253 Mass. 610, the plaintiff was given leave to amend his declaration and it was ordered that if such an amendment were made the case was to stand for trial.

The declaration accordingly was amended and the action was tried before *Donahue,* J. It appeared in evidence that Matilda M. Backlund, Brita C. Kvist, Leontina J. Eckberg

and Ida Peterson had brought actions against the plaintiff in this action for personal injuries suffered when a motor vehicle of Lunt in which, at his invitation, they were riding to the fair grounds at Worcester to perform some services in connection with a luncheon or dinner to be served on June 3, 1921, to the Commercial Travelers Association. The declaration in each of these actions against Lunt as amended was in four counts. In the first count the plaintiff alleged that "she was employed by the defendant [Lunt] to work for him at a certain outing and that the defendant in consideration of labor to be performed, undertook to transport and convey the plaintiff to the place of said outing; and that, while riding in an automobile furnished by the defendant," she was injured through negligence of the driver; in the second count she alleged that "the defendant for a valuable consideration undertook to transport and convey the plaintiff" to the fair grounds and that she was injured through negligence of the driver; in the third count she alleged that "while lawfully riding in an automobile and while in the exercise of due care," she was injured through negligence of the defendant and of his agent; and in the fourth count she alleged that she was lawfully riding in an automobile belonging to the defendant, that he negligently allowed it to be in an unsuitable and defective condition and out of repair, and that he or his agent so negligently or unskilfully operated it "that by reason of all of which" it collided with an electric car and the plaintiff was injured.

There was a verdict for the plaintiff Backlund in the sum of $500 and an execution in the sum of $552.61; a verdict for the plaintiff Peterson in the sum of $20,000 and execution in the sum of $20,225.97; a verdict for the defendant Kvist in the sum of $500 and execution in the sum of $551.01; and a verdict for the plaintiff Eckberg in the sum of $5,000 and execution in the sum of $5,087.76.

Other material evidence offered and admitted is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. E. Tupper,* (*A. T. Wall* with him,) for the plaintiff.

*C. C. Milton,* (*J. C. Donnelley* with him,) for the defendant.

CARROLL, J. This is an action of contract to recover on an automobile liability policy. The alleged liability of the defendant arose out of an automobile accident in which four persons, the plaintiffs in the original actions against Lunt, were injured. They recovered verdicts. This action was then brought to recover on the policy. It provided that the insurer shall not be liable for "Accidents to any other employee of the Assured arising out of or in the usual course of the trade, business, profession or occupation of the Assured." When the case previously was before this court, *Lunt* v. *Aetna Life Ins. Co.* 253 Mass. 610, it was decided, that, as the quoted words were incorporated in the general clause of the policy, it was essential for the plaintiff to negative them. The plaintiff amended his declaration and the case went to trial in the Superior Court. A verdict was ordered for the defendant, and the plaintiff excepted.

The plaintiff in the case now before us contends that the defendant, by assuming the defence of the original actions, is estopped to deny that the accident to the plaintiffs in those actions was covered by the policy. The policy provided that, "If suit is brought against the Assured to enforce a claim for damages covered by the policy . . . the Company will, at its own cost, defend such suit in the name and on behalf of the Assured." It was agreed that Charles C. Milton, Esquire, and F. L. Riley, Esquire, took part in the trial of the original cases against Lunt, and in so doing acted for the Aetna Life Insurance Company and were paid by it for their services; that Mr. Milton, who opened the cases, examined and cross-examined the witnesses and argued the cases on behalf of Lunt; that Lunt was personally represented at the trial by two attorneys, Mr. Hastings and Mr. Young, both of whom were in court during the entire time of the original actions.

As we construe the policy, the insurance company was not obliged to defend actions not covered by the policy. Its undertaking in this respect was limited to the defence of actions brought against the insured for actions which were covered by the policy.

It has been held that where an insurance company takes

control of the proceedings in an action brought against the assured, it is thereby estopped to say that the liability claimed is not within the terms of the contract. *Tozer* v. *Ocean Accident & Guarantee Corp. Ltd.* 94 Minn. 478. *Patterson* v. *Adan*, 119 Minn. 308.

At the trial of the original actions, the defendant was represented by his own counsel. He had every opportunity to protect his interests and was not injured by the acts of the insurance company. Although counsel for the insurance company tried the cases, the assured was not prevented from securing all his rights, and there is no evidence that the insurance company acted adversely to his interests. "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. . . . 'The law does not regard estoppels with favor, or extend them beyond the requirements of the transactions in which they originate.'" *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 420–422. Applying this rule to the facts shown on the record, the assured was not misled by the conduct of the insurer; he was not induced to do anything different from what he otherwise would have done, and there is no evidence of any harm resulting to him from the conduct of the insurance company. Therefore, the insurance company was not estopped from contending that the accident from which the original actions arose was not covered by the policy.

The policy provided that the insurance company was not to be held liable for "Accidents to any other employee of the Assured arising out of or in the usual course of the trade, business, profession or occupation." In the trial of the original actions this question was submitted to the jury: "At the time of the accident in question was the said . . . [plaintiff in each of the original actions] in the employment of the defendant Joseph H. Lunt?" The answer was "Yes." It is now contended by the insurance company that the

plaintiff in the present action is precluded by these answers and cannot rightly contend that the injured persons were not his employees. In the action before us Lunt seeks to recover on the insurance policy. The original actions were against Lunt for negligence in operating his automobile. The insurer was not a party to these actions. Lunt and the insurance company were not adverse parties. The principle of *res judicata* has no application. The proceedings were not between the same parties or their privies. The causes of action were not the same and the rights now involved were not adjudicated in the original actions. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *McAlevey* v. *Litch,* 234 Mass. 440.

The principle of estoppel by judgment or verdict has no application. General verdicts were returned in the original actions, and it is not shown on what ground the verdicts were rendered. It does not appear that the answer of the jury was essential in the cases, nor that the question whether the plaintiffs were employees of Lunt was involved in the controversies. See Freeman on Judgments (5th Ed.), § 692; *Burlen* v. *Shannon,* 99 Mass. 200. The cases of *Boston* v. *Worthington,* 10 Gray, 496, and *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, relied on by the defendant, do not sustain its contention.

Although the assured was not precluded by the answer of the jury in the original actions, the burden was on him to show that the accident was within the terms of the policy. The policy gave him no protection if the accident happened to his employees "arising out of or in the usual course of the trade, business, profession or occupation of the Assured." He could not recover unless there was evidence that the injured parties were not his employees, injured because of such an accident. *Lunt* v. *Aetna Life Ins. Co., supra.* There was evidence tending to show that the trade, occupation or business of Lunt was that of catering; that he catered at fairs and other entertainments and at times conducted "clambakes." It appeared that the four plaintiffs in the original actions were injured on June 3, 1921, while riding in Lunt's automobile on the way to the fair grounds, Wor-

cester, where the Commercial Travelers Association was to have a dinner; that the automobile was driven by his servant; that Lunt was "Superintending, getting the dinner together . . . superintending the luncheon"; that on the day preceding June 3, the plaintiff asked two of the original plaintiffs "if they could get some help for the following day"; that he agreed to meet them at Lincoln Square and convey them to the fair grounds; and that in accordance with his request, additional help was secured. It also appeared that Lunt was a member of the Commercial Travelers Association and a member of the luncheon committee; that he "received no pay for his services" in connection with the dinner; that he bought supplies for the entertainment, but did not pay the plaintiffs; that some of his equipment was in use at the dinner. To show that the original plaintiffs were not his employees, injured in an accident "arising out of or in the usual course of the trade, business, profession or occupation," he made an offer of proof to the effect that the expenses of the dinner were borne by the association, that "he didn't cater for the dinner," that one Whiting had charge and had been furnished with funds "to pay the help."

The plaintiff had a right to show that the injured plaintiffs were not his employees and for this purpose could offer any competent evidence. He could show what the real arrangements were. If, as a member of the luncheon committee and acting gratuitously, he secured the services of the original plaintiffs to work for the association as its servants, the jury could have found that the injured parties were not employees of Lunt. Standing alone, the evidence offered was not sufficient to support this contention; but in connection with the other evidence in the case and other offers of proof, we think it was competent for the purpose for which it was offered. There was evidence from one Coleman, not a member of the association, that he was asked by Whiting to check up the time of the employees and incoming supplies; that he had the names of the injured plaintiffs on his list. The plaintiff testified "he received no pay for his services in connection with the dinner"; that he ordered supplies, but received no bill, and in this connection offered to show that

these supplies were charged to the association and "so billed."
He also testified that he paid none of the people who worked
at the dinner and did not pay the plaintiffs in the original
actions.   He also offered to show that Coleman had in his
hands the sum of $500 given him by the executive committee
of the association "to pay the help."   Taken in connec-
tion with the evidence already admitted and the additional
evidence offered and excluded, the offer of proof to the effect
"that he didn't cater for the dinner" and that Whiting
had charge of the arrangements was competent.   It tended
to show that Lunt, in whatever he did for the success of
the entertainment, was not following his trade, occupation
or business, but was acting gratuitously as a member of
the association, and that the injured parties were not in
fact his employees but were employees of the association.
See in this connection *Bingham* v. *Scott,* 177 Mass. 208,
211, where the meaning to be given the words "employs"
and "employed" is considered.   The case should have gone
to the jury on this issue.   We also think that the other offers
referred to, bearing on this question, were competent.

As there must be a new trial of this case, we consider
certain questions which are likely to arise.   As has been said,
the policy excluded injuries to employees of the assured from
accidents arising out of or in the usual course of the trade,
business, profession or occupation of the assured.   The
plaintiff contends that the word "or" preceding the words
"in the usual course" means "and."   We do not agree with
this contention.   The word "or" should be given a dis-
junctive and not a conjunctive meaning.   It is not synony-
mous with "and."   It is to be construed as having a different
meaning from "or" and to mean "and" only when the con-
text and the main purpose of all the words used demand this
meaning.   *Marble* v. *Treasurer & Receiver General,* 245 Mass.
504, 508, 509, and cases cited.

The offer of proof was not technically accurate, as it
substituted "and" for "or", but we do not understand that
the defendant objected to the form of the offer, and the
substance of the policy was followed.   It was admissible to

show that the plaintiffs in the original actions were not employees of Lunt.

The offer of proof was also to show "that the defendant has waived any right to contest the coverage of the policy, and is estopped to do so." In this offer of proof, in addition to what has already been said, there was a suggestion of a settlement of the original actions. As we understand this offer, it amounts to a mere discussion of the question of settlement. It did not go far enough to show that the plaintiff was in any way injured or deprived of any of his rights. As his own counsel participated in the trial, the insurance company was not estopped and the offer of proof did not tend to establish an estoppel. The plaintiff should have been permitted to show that the injured parties were not his employees within the meaning of the policy. The entry is to be

*Exceptions sustained.*