JOSEPH E. BARBEAU *vs.* ELMER KOLJANEN & another.

Hampshire.    January 4, 1938. — February 1, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Insurance,* Disclaimer of liability, Waiver, Motor vehicle liability.
   *Estoppel. Waiver.*

An insurer under a noncompulsory motor vehicle liability policy was
   estopped to disclaim liability when, with knowledge of a breach of a
   condition of the policy entitling it to disclaim liability and without
   having obtained a nonwaiver agreement, it persisted in the control
   and conduct of the trial of an action against the insured until after a
   verdict against him.

BILL IN EQUITY, filed in the Superior Court on August
21, 1935.

The case was heard by *Dillon*, J.

The case was submitted on briefs.

*I. R. Shaw & D. V. Constantine,* for The Employers'
Liability Assurance Corporation, Limited.

*D. H. Keedy & J. T. Storrs,* for the plaintiff.

DOLAN, J.    This is a suit in equity to reach and apply
the obligation of the defendant insurer under a policy of
liability insurance. See G. L. (Ter. Ed.) c. 214, § 3 (10),
and c. 175, § 113. The trial judge filed a statement of
findings and rulings and an order for decree in favor of the
plaintiff, and denied three of the defendant corporation's
requests for rulings. The defendant corporation, herein-
after called the corporation, excepted as follows: "Now
come the defendants and except to the opinions, rulings,
directions of the court." Exceptions taken in such broad
terms cannot be sustained, but as the parties have treated
the case as if it were properly before us, and the result will
be the same, we deal with it on that basis.

The facts found by the judge, as well as other facts
which it appears that he could have found, are substantially
as follows: The corporation issued to the defendant Kol-

janen a combination Massachusetts motor vehicle policy, including within its terms a so called "extra territorial" coverage providing that the corporation would defend Koljanen against claims resulting from accidents occurring elsewhere than on the ways of this Commonwealth. A special condition contained in the policy was that there should not be coverage when the motor vehicle of the assured was being "Used for renting or livery or carrying of passengers for a consideration." On October 14, 1933, and during the term of the policy, the plaintiff was a passenger in Koljanen's automobile which was being operated on a public way in the State of Vermont. An accident ensued, the vehicle overturned and the plaintiff was injured. On October 17 Koljanen gave a written statement to the corporation to the effect that the plaintiff did not hire the automobile and that he (Koljanen) paid for the oil and gasoline on the trip, which had been undertaken to bring home the plaintiff's son who was in a camp at Westburg, Vermont. The plaintiff brought an action of tort in the Superior Court against Koljanen to recover compensation for the injuries. The corporation appeared therein by counsel to represent Koljanen. The declaration in the action alleged ordinary negligence. The corporation submitted interrogatories to the plaintiff, among them the following: "Did you pay to the defendant a consideration for riding in his automobile described in the declaration?" The plaintiff on November 14, 1934, answered "Yes." The law action was tried in March, 1935, and while the trial was in progress the plaintiff offered to settle for $600. The offer, without being communicated to the defendant Koljanen, was rejected by the corporation. The jury found for the plaintiff in the sum of $1,506 damages and $36.05 costs.

Following the verdict, on March 5, 1935, the corporation wrote Koljanen that, as it appeared that at the time of the accident his automobile was being used for hire in violation of the terms of the policy, it would not satisfy the judgment. In the suit before us there was evidence which would require findings that the plaintiff paid for the oil and gasoline and food on the trip and that the plaintiff's wife subsequently

gave Koljanen $20 for his "time lost from . . . [his] job and everything." The judge found specifically that the corporation "took full and exclusive control of the defense in said law action and continued the same for months after it had reasonable notice and knowledge of Barbeau's claim that he was riding in Koljanen's automobile for a consideration and did not in any way disclaim its liability to defend against and pay the judgment that might be rendered on such a claim until after the jury had rendered its verdict; that it did nothing to disclaim liability or to obtain a non-waiver agreement; that . . . [it] did not ever at any time before verdict, communicate to Koljanen any disclaimer . . . ." The judge further found that the action of the corporation in rejecting the offer of compromise, before referred to, without informing Koljanen that it had been made, and in permitting the action to proceed to verdict against him in the resultant sum of $1,500 was "all to the prejudice of said Koljanen." The judge "ruled" that "'with a little diligence and within a brief time, the defendant Assurance Company could have procured the exact knowledge on which it now relies' in the present cause, and is therefore estopped from denying liability; that if the defendant Assurance Company was fraudulently induced to undertake the defense of the said law action, it did not withdraw upon the discovery of the fraud or at any time when it had reasonable ground to believe that the conduct of said defendant Koljanen was fraudulent; and the court further rules that the defendant Assurance Company if without actual knowledge of the facts constituting a violation of the policy had 'information sufficient to put it upon inquiry.'"

Under the exceptions taken to the judge's rulings the corporation contends that, contrary to the ruling of the judge, it is not estopped from disclaiming liability under the terms of its policy; and that the judge's findings, first, that the facts upon which the corporation now relies to disclaim liability could have been ascertained by the exercise of reasonable diligence; second, that no evidence was presented of Koljanen's testimony in the law action; and, third, that the corporation's exclusive control of the law

action prevented the defendant Koljanen from protecting his rights were not warranted by the evidence. As to the findings which we have numbered first and third, we are of opinion that they were warranted by so much of the evidence as appears in the bill of exceptions. As to the second finding it does appear that Koljanen did testify at the trial of the law action that the plaintiff or somebody else paid him for the gasoline and oil. We treat the case as if that fact had been so found. It does not affect the result.

We think that it cannot be said that the situation here disclosed was within the peculiar knowledge of Koljanen, or that the testimony given by him at the trial, at odds with his prior written statement to the corporation, amounted to a change of position which the corporation could not have anticipated even with the greatest amount of diligence. The corporation had definite knowledge, as found by the trial judge, more than three months before the trial of the law action, that the plaintiff asserted and could be expected to testify as he did that he paid a consideration to Koljanen for driving him to Vermont. The declaration in the case alleged ordinary negligence, upon which the corporation should have known that the plaintiff could not prevail unless he was a passenger for hire. That was the case the corporation had to meet. The corporation continued in control of the law action not only after the answer of the plaintiff to its pertinent interrogatory, but even after the presentation of the testimony of the plaintiff in actual trial that he paid a consideration to Koljanen and of that of the latter that he was paid. The corporation did not withdraw from the defence which it controlled, but persisted to its conclusion.

In *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, at pages 398–399, the court said: "It has been decided that an insurance company which has entered upon a defence and continued in the case after breach of a condition for coöperation is not at liberty to set up the breach as a defence to proceedings by an injured person to enforce the liability . . . In view of the decisions holding the insurer to liability although a breach of the condition has occurred, the insurer is placed in a position in which it must separate

itself from the defence decisively and completely if it desires to insist upon its right to disclaim upon breach of condition." In that case, however, the attorneys for the defendant insurance company withdrew "when the failure to coöperate, as they viewed it, was complete, and the company immediately disclaimed," and its action was sustained. Here, however, the corporation, after the breach of the condition came to its knowledge, persisted in the control and conduct of the trial to its conclusion without demur, as in *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1. It cannot now be heard to disclaim liability.

*Exceptions overruled.*