WILFRED BIRNBAUM *vs.* THEODORE PAMOUKIS & another.

Hampden.     September 22, 1938. — December 8, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Equity Pleading and Practice*, Findings by judge. *Insurance*, Motor vehicle liability, Disclaimer of liability, Waiver. *Estoppel. Waiver.*

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the insurer under the extraterritorial coverage of a motor vehicle liability policy, any defence which would be available to the insurer against the insured was equally available against the plaintiff.

In a suit in equity wherein there was no report by the judge of "the material facts found by him" under G. L. (Ter. Ed.) c. 214, § 23, nor report of the evidence, but the judge voluntarily made certain brief findings which did not purport to be a full report of all facts upon which the final decree was based, the entry of that decree imported a finding of every fact essential to sustain it and within the scope of the pleadings, so far as not inconsistent with the findings specifically made.

A voluntary finding by a judge, who heard a suit in equity, of certain facts only, which does not amount to a full report of all the facts upon which a final decree entered by his order rests, is not for all purposes equivalent to the complete report of "the material facts" contemplated by G. L. (Ter. Ed.) c. 214, § 23.

Findings that the insured in a motor vehicle liability policy failed to "coöperate" in the defence of an action against him as required by the policy and that the insurer had not waived and was not estopped to rely on such failure were not inconsistent with certain specified findings respecting the conduct of the insured and the attorney for the insurer in connection with such action.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated May 10, 1937.

The suit was heard by *Burns*, J., by whose order there was entered a final decree dismissing the bill as against the defendant Preferred Accident Insurance Company of New York and ordering the defendant Pamoukis to pay a specified sum of money to the plaintiff. The plaintiff appealed.

*J. I. Robinson & C. D. Sloan*, for the plaintiff, submitted a brief.

*E. H. Wright*, for the defendant Preferred Accident Insurance Company of New York.

QUA, J. The plaintiff has secured a judgment against the defendant Pamoukis for bodily injuries received in an accident in the State of Connecticut resulting from the operation by that defendant of an automobile upon which the defendant Preferred Accident Insurance Company of New York, hereinafter called the company, had issued a policy of liability insurance. This suit is brought under G. L. (Ter. Ed.) c. 175, § 113, and G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the alleged obligation of the company to Pamoukis in satisfaction of the plaintiff's judgment.

As the obligation which the plaintiff is seeking to reach,

if any exists, arose under the extraterritorial coverage of the policy and not under the Massachusetts compulsory insurance provisions, any defence which would be available to the company against Pamoukis is equally available against the plaintiff. *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511, 512. *Phillips* v. *Stone,* 297 Mass. 341. The defence upon which the company relies is that Pamoukis violated a provision of the policy requiring him to coöperate with the company in the defence of the original action, in that he failed to appear upon request to testify in his own behalf at a hearing before an auditor appointed in that action.

We are confronted at the outset with a question as to the scope and effect of the judge's findings of fact. The plaintiff contends that the defence cannot prevail and that the decree in favor of the defendant was erroneous because the judge did not set forth any specific finding that the policy contained any "coöperation clause" or any specific findings showing such intentional or inexcusable absence from the hearing on the part of Pamoukis as would constitute a breach of such clause if the policy did contain one. This contention cannot be maintained. The evidence is not reported. The judge made brief findings of fact in connection with his order for decree, but he did not state that the findings expressed were all of the findings upon which he based his decree, and there is nothing in their form to indicate that he intended them as such. Apparently these findings were made voluntarily and not as a report of "the material facts found by him" under G. L. (Ter. Ed.) c. 214, § 23. The entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings. *Glazier* v. *Everett,* 224 Mass. 184. *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 216. *Whitney* v. *Whitney,* 299 Mass. 547, 550. See *Briggs* v. *Sanford,* 219 Mass. 572; *Seager* v. *Dauphinee,* 284 Mass. 96, 98. This is true even though the judge made specific findings of certain facts, as long as he did not purport to state all of the material facts. *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110. *Gladstone* v. *Aronson,* 277 Mass. 163, 165. *Goodyear*

*Tire & Rubber Co.* v. *Bagg,* 292 Mass. 125, 127.  See *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 249 Mass. 144, 147; *Berman* v. *Coakley,* 257 Mass. 159, 162; *Romanausky* v. *Skutulas,* 258 Mass. 190, 192; *Karas* v. *Karas,* 288 Mass. 460, 462; *Rosemont* v. *Equitable Life Assurance Society,* 301 Mass. 139, 141.  This case is to be distinguished from cases where the judge has made a report of "the material facts" under the statute or has otherwise indicated that the facts stated by him are all the facts which entered into his decree. In such cases there is no room for any implication of further findings.  *Topor* v. *Topor,* 287 Mass. 473, 476.  *Goldston* v. *Randolph,* 293 Mass. 253, 255.

In the case of *Cohen* v. *Nagle,* 190 Mass. 4, at page 5, the statement was made, and it has occasionally been repeated, that a report of facts voluntarily made by the trial judge has the same effect as a report of "the material facts" under the statute.  See, for example, *Lindsey* v. *Bird,* 193 Mass. 200, 201; *Howe* v. *Howe,* 199 Mass. 598, 601; *Smith* v. *Smith,* 222 Mass. 102, 103; *Taylor* v. *Jones,* 242 Mass. 210, 216; *Berman* v. *Coakley,* 257 Mass. 159, 161; and *Edwards* v. *Cockburn,* 264 Mass. 112, 115.  This statement cannot be understood to mean that a voluntary finding of certain facts only which may not amount to a full report of all the facts upon which the decree rests is for all purposes equivalent to the complete report of "the material facts" contemplated by the statute.  In the cases just cited the precise question here presented was not before the court.  The distinction between findings which are complete and those which are incomplete seems to have been in the mind of the court in *Romanausky* v. *Skutulas,* 258 Mass. 190, at page 192, and *Goldston* v. *Randolph,* 293 Mass. 253, at page 255.

It is, however, open to the plaintiff to contend, and he does contend, that the findings specifically stated by the judge in themselves necessarily preclude the maintenance of a defence based on failure of the insured to "coöperate." *Wood* v. *Culhane,* 265 Mass. 555, 556.  *Columbian Insecticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 77.  *Peabody* v. *Dymsza,* 280 Mass. 341, 342.  *Marcus* v. *Richardson,* 299 Mass. 11, 13.  The substance of these findings is as follows:

A few days before the auditor's hearing, at the request of one Mr. Wright, who was acting as attorney for the company, another attorney who had acted for Pamoukis told the latter when the hearing was to be held and to see Mr. Wright, and Pamoukis said he would be at Mr. Wright's office on the morning of the hearing. When Pamoukis did not appear at the office Mr. Wright, still expecting him to be present at the hearing, represented him there without asking for a continuance. Pamoukis did not appear at any time during the hearing. The auditor filed his report January 4, 1937. On January 8 Mr. Wright wrote to Pamoukis disclaiming liability and informing Pamoukis that Mr. Wright had "filed insistence on jury trial and reservation of right to introduce further evidence" without prejudice to the right of the company to assert its defence under the policy. On March 1 Mr. Wright filed his disappearance. Pamoukis had notice of this, but did nothing and was defaulted about March 19, 1937.

In the opinion of a majority of the court these findings are not inconsistent with the decree establishing the defence of failure to "coöperate." So far as they go they tend to show that Pamoukis failed to assist the company in the defence of the action. They do not show that the company waived its rights or that it is estopped to insist upon the conditions of the policy. It is consistent with the findings that the company continued to defend before the auditor in reliance upon the promise of the insured Pamoukis that he would attend the hearing and in the expectation of his arrival at any moment. Action taken after the filing of the auditor's report looking solely toward the preservation of the right of the insured to a jury trial could not have harmed him in any way. It is not shown that by any conduct of the company Pamoukis was deceived or lulled into a false sense of security or deprived of his opportunity to defend himself or "induced to do anything different from what he otherwise would have done," to his detriment. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 473. *Kana* v. *Fishman,* 276 Mass. 206, 213. *Sontag* v. *Galer,* 279 Mass. 309, 311–312. *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass.

393, 399. *Phillips* v. *Stone,* 297 Mass. 341. On the contrary the findings are consistent with a conclusion based upon them and upon the unreported evidence that the failure of the insured to keep his promise placed the company in a position where it did not know that the insured would not appear at the auditor's hearing in time to testify in his own behalf and consequently where it could not safely abandon the defence until the hearing had been completed. This distinguishes the case from *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1 (see especially page 4), and *Barbeau* v. *Koljanen,* 299 Mass. 329.

*Decree affirmed with costs.*