JOSEPH RESTIGHINI *vs.* JOSEPH F. HANAGAN & another.

JULIA RESTIGHINI *vs.* SAME.

LORRAINE RESTIGHINI *vs.* SAME.

Middlesex.   November 7, 1938. — January 30, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Estoppel.   Insurance,* Motor vehicle liability.

In a suit in equity under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10), to compel the insurer under a policy of compulsory motor vehicle liability insurance to pay a judgment against one who was alleged to have been a "person responsible for the operation of the insured's" automobile with his consent, no error appeared in the refusal by the judge, after he had found that there was no insurance coverage, to rule that the company was estopped to deny liability merely because

its attorney had defended the action against the operator in all its stages until the filing of an auditor's report, when he withdrew from the defence without the operator's signing a nonwaiver agreement.

THREE SUITS IN EQUITY, filed in the Superior Court on August 6, 1937, by plaintiffs who had recovered judgments against Joseph F. Hanagan, alleged to have operated negligently an automobile owned by Timothy J. O'Connell, the insured of the defendant Utica Mutual Insurance Company.

Final decrees dismissing the bills were entered by order of *M. Morton*, J., from which the plaintiffs appealed. They also filed what purported to be a bill of exceptions, which was allowed by the judge.

*H. W. Sullivan*, for the plaintiffs, submitted a brief.

*D. H. Fulton*, for the defendant Utica Mutual Insurance Company.

RONAN, J.    These are three bills in equity under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to enforce the liability of the defendant company under a policy issued by it pursuant to the compulsory motor vehicle insurance law.    G. L. (Ter. Ed.) c. 90, §§ 34A–34J.    The plaintiffs had recovered judgments against Hanagan for personal injuries sustained by them by reason of his negligent operation of an automobile owned by one O'Connell.    The trial judge made a voluntary finding of facts in each case which included the following:    "I find as a fact that Timothy O'Connell did not grant express permission to Hanagan to operate the car at the time when it left the grove, or at any other time subsequently, and in view of the evidence I am not able to find that Timothy O'Connell gave any implied consent to Hanagan to so operate."    The plaintiffs appealed from final decrees dismissing the bills.

The evidence, all of which is reported, presents a conflict on the question whether Hanagan was a "person responsible for the operation of the insured's motor vehicle with his express or implied consent."    G. L. (Ter. Ed.) c. 90, § 34A.    It is not necessary to recite the evidence in detail. The credibility of the witnesses was for the trial judge, and his finding that Hanagan did not have consent to

use the automobile, not being plainly wrong, cannot be disturbed. *Johnson* v. *O'Lalor,* 279 Mass. 10. *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232. *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368. *Bresnahan* v. *Lumbermens Mutual Casualty Co.* 297 Mass. 555. *Gearin* v. *Walsh,* 299 Mass. 145.

The plaintiffs requested a ruling that, if the company undertook the defence of the three actions at law, removed these actions from the District Court to the Superior Court, filed claims for jury trials, propounded interrogatories, answered the plaintiffs' interrogatories, defended the cases before the auditor, attended a hearing upon the auditor's draft report, and, after the filing of the report of the auditor, withdrew from the cases without Hanagan signing a non-waiver agreement, then the company was estopped to deny liability. The judge found that the company did the various acts mentioned in the request and ruled "that said action did not estop it from denying its liability under the terms of the policy in the issues raised by the bill in equity." The auditor's report was filed on April 24, 1937, and on April 29, 1937, the attorney for the company wrote Hanagan advising him of the decision of the auditor; that the cases were not covered by the policy; and that counsel would withdraw his appearance on May 15, 1937. The cases went to judgment on June 22, 1937.

The ruling was right. If the company performed all the acts enumerated in the request it could not be said as matter of law that an estoppel had been established. The company had the right to investigate the facts and, having determined that the cases were not within the coverage of the policy, to disclaim liability. It could not continue in active defence of the cases after it knew it had sufficient information to warrant a belief that the cases were outside the terms of the policy; and, if it did, then it would be prevented from denying liability. *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1. *Barbeau* v. *Koljanen,* 299 Mass. 329. The company could, pending ascertainment of the essential facts pertinent to its liability under the policy, take the usual measures in defence of the

actions without barring itself from subsequently withdrawing when it discovered that the contract of insurance did not cover the person who was operating the automobile when the accident occurred. *Sontag* v. *Galer*, 279 Mass. 309. *Novo* v. *Employers' Liability Assurance Corp. Ltd.* 295 Mass. 232. *Phillips* v. *Stone*, 297 Mass. 341. *Birnbaum* v. *Pamoukis*, 301 Mass. 559. There is nothing to show that Hanagan was misled or harmed by any act of the company or that he was thereby induced to act in a manner different from that in which he otherwise would have acted. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 297, 298. *Industrial Bankers of Massachusetts, Inc.* v. *Reid, Murdoch & Co.* 297 Mass. 119, 124. *Quincy Trust Co.* v. *Woodbury*, 299 Mass. 565, 568.

Though we have mentioned the request for a ruling in this case, the law is that requests for rulings have no standing in equity cases coming to this court by appeal, under our equity practice which enables an appellant to bring here a full report of the evidence together with findings of fact, for the review by this court of all questions of law and of fact. If the decree was right, then such requests become immaterial; and if the decree was wrong, it can be corrected without the aid of any requests for rulings. *Graustein* v. *Dolan*, 282 Mass. 579. *Estey* v. *Gardner*, 291 Mass. 303. *Boston* v. *Dolan*, 298 Mass. 346. The plaintiffs have also filed a bill of exceptions, and we assume without deciding that the denial of a request for a ruling might constitute a ruling that is open on the exceptions. G. L. (Ter. Ed.) c. 231, § 113. *Shea* v. *Lexington*, 290 Mass. 361, 373. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393. No error was committed in the denial of the request for ruling in question.

The judge made voluntary findings of fact which, as shown by the record, he considered as a report of the material facts under G. L. (Ter. Ed.) c. 214, § 23, when the plaintiffs requested such a report. The plaintiffs filed a request for a report of the facts which sought a specific finding upon nearly every matter alluded to in the testimony. This request was denied, and the plaintiffs appealed.

The judge had reported all the facts that he deemed material in making his decision. The report appears to be complete, and the judge could not have considered it the equivalent of a statutory report unless he also found that it contained all the material facts found by him. *Birnbaum* v. *Pamoukis*, 301 Mass. 559.

In each case the appeal claimed from the "facts and finding" must of course be dismissed (*Moat* v. *Moat*, 301 Mass. 469); the appeal claimed, after the entry of final decree, from the refusal to make further findings of fact, must also be dismissed (*Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214, 215; *Merrill* v. *Everett*, 293 Mass. 327, 329); the exceptions are overruled; and the final decree is affirmed with costs.

*Ordered accordingly.*