MAIZIE KLEFBECK *vs.* HUGO B. DOUS & another.

Essex.    December 8, 1938. — February 17, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Insurance,* Disclaimer of liability, Motor vehicle liability.   *Estoppel.*
   *Evidence,* Relevancy, Privileged communication, Book entries, Com-
   petency.

An insurance company was estopped to disclaim liability in a suit under
   G. L. (Ter. Ed.) c. 214, § 3 (10) to enforce a judgment in an action of
   tort against its insured for personal injuries sustained by the plaintiff
   through the operation of an automobile where it appeared that the
   company took complete charge of the defense of the tort action to
   the exclusion of the insured; that a few months before the trial facts
   came to its knowledge upon which, later, it based its right to disclaim
   liability; that it defended the tort action without notifying the in-
   sured that it reserved a right to disclaim and did not advise him to
   secure personal counsel to protect his interests; that, in notifying
   the insured of the verdict in the tort action, it expressed satisfaction,
   and, although about two weeks later it disclaimed liability, more than
   two months thereafter it represented the insured in another action
   based on the same tort.
Documentary evidence, early shown to counsel for an insurance com-
   pany as to a residence of the insured different from what he had
   represented in procuring the insurance, was admissible to show knowl-
   edge of the company of grounds for a disclaimer of liability under the
   policy and its failure to disclaim seasonably.
A letter to an insurance company from its attorney, who in its behalf and
   in behalf of the insured was defending a tort action under the provi-
   sions of a policy of motor vehicle liability insurance, was not inad-
   missible as privileged in a suit under G. L. (Ter. Ed.) c. 214, § 3 (10),
   to enforce satisfaction by the company of a judgment procured in the
   tort action.

BILL IN EQUITY, filed in the Superior Court on March 25,
1938.

The suit was heard by *Burns,* J., by whose order a decree
was entered directing the defendant Merchants Mutual
Casualty Company to pay the plaintiff $1,397.96.   The
company appealed.

The case was submitted on briefs.

*J. D. Sullivan*, for the defendant Merchants Mutual Casualty Company.

*L. E. Boutwell & M. L. Brown*, for the defendant Dous.

*E. R. Butterworth*, for the plaintiff.

RONAN, J. The plaintiff recovered a judgment in the District Court of the United States for the District of Massachusetts against the defendant Dous, for personal injuries received by her on account of the operation of an automobile by Dous upon a highway in Topsfield, in this Commonwealth, on September 18, 1936. She brings this bill under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply, in satisfaction of her judgment, the obligation of the defendant company under an automobile liability policy issued by it to Dous at Portland, Maine, which contained an extraterritorial clause covering the operation of his automobile upon the public ways of this Commonwealth. The defendant company appealed from a final decree ordering it to pay the plaintiff's judgment.

The policy was issued under the law of the State of Maine which, in so far as material, provides that "The liability of every company which insures any person, firm, or corporation against accidental loss or damage on account of personal injury or death, or on account of accidental damage to property, shall become absolute whenever such loss or damage for which the insured is responsible, occurs." Rev. Sts. of Maine (1930) c. 60, § 177. The rights of Dous against the company are fixed by the contract of insurance which must be construed in accordance with the law of the place where it was executed and delivered, *Lundblad* v. *New Amsterdam Casualty Co.* 265 Mass. 158; *John Hancock Mutual Life Ins. Co.* v. *Yates*, 299 U. S. 178, and may be enforced here by such existing procedure as may be found appropriate. *Weidman* v. *Weidman*, 274 Mass. 118. *Sleeper* v. *Stetson*, 280 Mass. 248. The plaintiff in seeking recourse to the policy has no greater rights than Dous, and if he is not entitled to indemnity under the policy she cannot prevail. *Kana* v. *Fishman*, 276 Mass. 206. *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393. *Souza* v. *Car & General Assurance Corp. Ltd.* 281 Mass. 117. *Blair* v.

*Travelers Ins. Co.* 291 Mass. 432. The rights of the plaintiff against the insured in the tort action, which was tried in the Federal court, were determined by the laws of the Commonwealth, *Erie Railroad* v. *Tompkins,* 304 U. S. 64, and the judgment bound not only the nominal parties but also the insurance company, which defended the action in accordance with the terms of the policy. *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242. The verdict established the extent of the plaintiff's damages but it did not determine her rights against the insurance company. *Lorando* v. *Gethro,* 228 Mass. 181. *State Farm Mutual Automobile Ins. Co.* v. *Coughran,* 303 U. S. 485.

The declaration in the tort action contained two counts, one for negligence and the other for the operation of an illegally registered automobile. There was a general verdict for the plaintiff. The defendant company contends that Dous falsely represented to it that he was a resident of Maine at the time he applied for and secured the insurance when in fact he was a resident of Malden, in this Commonwealth, and that, as the jury found that his automobile was illegally registered, the company cannot be held liable on the policy. It is clear that the charge to the jury, as shown by the company's offer of proof, permitted the jury to find that the automobile was illegally registered even if Dous was a resident of Maine, if he had operated it for more than thirty days in this Commonwealth in 1936, prior to the date of the accident, G. L. (Ter. Ed.) c. 90, § 3, as amended by St. 1933, c. 188, *Hanson* v. *Culton,* 269 Mass. 471, or that it was illegally registered because Dous was a resident of this Commonwealth. *Jenkins* v. *North Shore Dye House, Inc.* 289 Mass. 561. If the jury came to the conclusion that the automobile was not properly registered merely on account of its presence here beyond the time allotted to a nonresident, then there is nothing in the company's contention that the payment of indemnity for injury caused by such an automobile would be contrary to our public policy. The reverse is true. *Todd* v. *Traders & Mechanics Ins. Co.*

230 Mass. 595. *McMahon* v. *Pearlman*, 242 Mass. 367. *Opinion of the Justices*, 251 Mass. 569. See G. L. (Ter. Ed.) c. 90, §§ 34A – 34J. The company, however, contends that the verdict was based upon the ground that Dous was a resident of Malden. The judge in the present suit "finds and rules that defendant Dous had a business and residential address, and a mail address at 98 Grant Street, Portland, Maine, when he made application for the policy"; and, evidently relying upon G. L. (Ter. Ed.) c. 175, § 186, (which the defendant company refers to in its brief as a "statutory provision [which] became the law of the case and was so considered by the trial court") the judge further found that "there is no evidence of bad faith or intent to deceive on the part of defendant Dous, and the matter alleged by defendant insurance company to have been misrepresented would not increase the risk of loss." We need not consider the applicability of the statute referred to (see *Kravit* v. *United States Casualty Co.* 278 Mass. 178; *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204), or whether this last finding is supported by the evidence. We do not put this opinion on the ground that the company is foreclosed from raising the point by accepting the law as laid down by the trial judge. *Button* v. *Crowley*, 284 Mass. 308. *Arabia* v. *John Hancock Mutual Life Ins. Co.* 301 Mass. 397. The point, if properly raised, becomes immaterial in the view of the case that we adopt.

There was evidence that, a few months before the trial, the plaintiff's attorney conferred with the attorney who tried the tort action for the company and showed him a certificate from the board of assessors of Malden, to the effect that Dous was assessed a poll tax for 1934, 1935 and 1936, and a copy of the application of Dous for the registration in Maine of his automobile for 1936, upon which his mailing address was set forth as 40 Maple Street, Malden, and his residence as 98 Grant Street, Portland, Maine. There was also evidence that, before the trial of the plaintiff's action, this attorney for the defendant company had taken Dous's oath to answers to interrogatories filed in a companion case showing that Dous's family consisted of his

wife, who lived at 40 Maple Street, Malden, that the telephone there was listed in his name, and that he lived there when he came to Malden, usually one night a week. This same attorney appeared for Dous on May 4, 1938, in the Superior Court, in Essex County, to dismiss an action which the plaintiff had brought to recover for the same injuries. He continued to represent Dous in behalf of the company after the action in the United States District Court was ended. The attorney notified Dous under date of February 2, 1938, in a letter addressed to him at 40 Maple Street, Malden, that the jury had returned a verdict for the plaintiff for $1,250 "which we consider quite satisfactory. We return herewith your receipted poll tax from Portland, Maine, for the year 1936." The judge found that the company "had notice through its agents and/or attorney of all facts on which it now relies to disclaim liability because of a breach of a condition of said policy, or, if without actual notice of the breach of condition of the policy had information sufficient to put it upon inquiry," and entered a final decree ordering the company to pay the judgment.

The company could investigate the claim and determine whether it came within the contract of insurance. If satisfied that the accident was not within the coverage, it could disclaim liability and withdraw from the case. *Phillips* v. *Stone*, 297 Mass. 341. *Restighini* v. *Hanagan, ante,* 151. The company, however, could not, after having acquired information sufficient to warrant a disclaimer, continue in defence of the action and, upon the rendition of an adverse verdict, then for the first time rely upon such information and withdraw. It was bound to exercise good faith and due diligence.

The judge made voluntary findings of fact which contain nothing to indicate that they comprise all the material facts. See *Birnbaum* v. *Pamoukis*, 301 Mass. 559. These findings must be accepted as true as they are not shown to be plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159. *Johnson* v. *O'Lalor*, 279 Mass. 10. There is no express finding that the company is estopped, but the findings in so far as they go support such a conclusion. The judge

found that the company took complete charge of the investigation, preparation and trial of the case "to the exclusion of the assured"; that it never advised the insured to secure personal counsel to protect his interests; that it defended the action without notifying the insured that it reserved the right to disclaim liability on account of a breach of any condition of the policy; and that, although the company purported to disclaim liability on February 19, 1938, it requested its attorney to appear for the insured on May 4, 1938. The evidence is clear that the attorney did in fact appear in the motion session of the Superior Court for the purpose of dismissing an action which the plaintiff had brought against the insured on account of the same accident as that for which she recovered the judgment in the District Court of the United States. The evidence supports the facts required for the entry of the decree. Moreover, the entry of the final decree imports a finding of every fact essential to the entry of such a decree. *Glazier* v. *Everett*, 224 Mass. 184. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233. *North Easton Co-operative Bank* v. *MacLean*, 300 Mass. 285. The company's disclaimer was ineffectual. *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1. *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, 399. *Barbeau* v. *Koljanen*, 299 Mass. 329. *Colby* v. *Preferred Accident Ins. Co.* 134 Maine, 18.

There is nothing in the contention that, the first count of the declaration being based on negligence, the cause of action was within the terms of the policy and prevented the company from withdrawing until after the verdict. It is true that whether an action is within the terms of a liability policy is, in the first instance, to be determined by the declaration, *Fessenden School, Inc.* v. *American Mutual Liability Ins. Co.* 289 Mass. 124; *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, but it is also true that the present contention of the company would apply equally to both counts, which in reality were different descriptions of the same cause of action. Neither count was shown to have charged intentional or wilful conduct.

The case is distinguishable from *Sontag* v. *Galer*, 279 Mass. 309.

The company took various exceptions to the introduction of evidence. The assessors' list of polls and various other papers shown to the company's attorney were introduced and received for the limited purpose of showing the information concerning the residence of Dous possessed by the company prior to the trial. They were admissible on the ground of notice. *Roberts* v. *Spencer*, 123 Mass. 397. *Commonwealth* v. *Britland*, 300 Mass. 492. 3 Wigmore, Evidence, §§ 1788, 1789.

The company excepted to the introduction of a letter written to it by the trial attorney before the trial expressing his opinion as to the legality of the registration of the automobile of Dous. The principle is settled that a letter from an attorney to his client relative to a matter in which he is acting as counsel cannot be disclosed by the attorney without the consent of the client. *Foster* v. *Hall*, 12 Pick. 89. *Rooney* v. *Maryland Casualty Co*. 184 Mass. 26. At the time the letter was written the attorney, who had been selected by the company, had filed an appearance for Dous in the actions brought against him and had conferred with him concerning this litigation. He was acting for both Dous and the company and the subject matter of the communication in question was concerned with a material issue in the pending actions. Such a communication was not privileged against Dous or against the plaintiff, who by virtue of the statutes of Maine and of this Commonwealth (see Rev. Sts. of Maine [1930] c. 60, § 177; G. L. [Ter. Ed.] c. 175, § 113) stood in the place of Dous as against the company to the amount of her claim. We see no error in the admission of this evidence. *Thompson* v. *Cashman*, 181 Mass. 36. *Vrusho* v. *Vrusho*, 258 Mass. 185. *Beacon Oil Co*. v. *Perelis*, 263 Mass. 288.

The exclusion of the charge to the jury at the trial of the action of tort was free from error. The specific counts on which the verdict was based have no bearing upon the issue of estoppel. The exclusion of the records of a finance company as to the residence of Dous or the place from

which payments were made on account of the purchase of an automobile by him from a dealer was right. It is difficult to see how the records could be considered as evidence of the place from which payments were transmitted to the finance company, and an entry upon the books of this company as to the residence of Dous apparently came from some information contained in the conditional sale agreement between Dous and the automobile dealer. The evidence was excluded as hearsay. It was not shown to have been admissible under G. L. (Ter. Ed.) c. 233, § 78. *Commonwealth* v. *Perry*, 248 Mass. 19. Evidence of the securing of a nonresident permit by Dous for the operation of his automobile in this Commonwealth for 1938 was made competent by the cross-examination by the defendant company. *Foley* v. *Lord*, 232 Mass. 368. The requests for rulings filed by the company have no standing on an appeal in equity. *Restighini* v. *Hanagan, ante,* 151.

The decree must be affirmed with costs.

*Ordered accordingly.*