WILLIAM SWEENEY *vs.* EDWARD J. FREW & another.

Berkshire.  September 18, 1945. — October 31, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Insurance,* Motor vehicle liability insurance, Disclaimer of liability.  *Res Judicata. Estoppel.*

Upon the record in a suit in equity against an insurance company under G. L. (Ter. Ed.) c. 214 § 3 (10), for satisfaction of a judgment rendered in an action against an owner of two motor trucks for personal injuries sustained by the plaintiff while standing between the trucks after they had been stopped on a hill one behind the other, it did not appear that a verdict for the plaintiff in such action had necessarily established that his injuries were caused by the rear truck, which was covered by the policy issued by the defendant insurer, rather than by the front truck, which was not so covered; and therefore it was open to the insurer in the suit in equity to contend that the injuries were not caused by the insured truck.

The insurer in a motor vehicle liability insurance policy covering one but not the other of two motor trucks owned by the same person, by conducting the defence of an action of tort for personal injuries against the insured up to and including the entry of judgment for the plaintiff, was not as a matter of law estopped to disclaim liability under the policy on the ground that the injuries were caused solely by the uninsured truck, where information received by the insurer before trial and evidence and interrogatories introduced at the trial were conflicting on the issue as to which truck caused the injuries.

BILL IN EQUITY, filed in the Superior Court on January 15, 1943.

The case was heard by *Burns, J.*

*F. M. Myers,* for the plaintiff.

*D. D. O'Brien,* for the defendant Hartford Accident and Indemnity Company, submitted a brief.

SPALDING, J.   The plaintiff recovered a judgment against the defendant Frew for personal injuries sustained by him on account of the operation of a motor vehicle which Frew owned.   He brings this bill under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply, in satisfaction of his judgment, the obligation of the defendant insurance company (hereinafter called the company) under a motor vehicle liability policy issued by it to Frew.   The bill was taken pro confesso against Frew.   From a final decree establishing Frew's indebtedness for the amount of the judgment with interest and costs but dismissing the bill as to the company, the plaintiff appealed.

The judge made a report of the material facts.   Since the evidence is reported under G. L. (Ter. Ed.) c. 214, § 24, we can find facts not expressly found by the judge.   *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178.   The pertinent facts are these: Frew at the time of the accident out of which the judgment arose was the owner of two Diamond T trucks, of which one was a 1939 model and the other a 1940 model. Both trucks were registered in Connecticut.   The company had issued a policy of insurance to Frew covering the 1939 truck for the year 1941 by which Frew was indemnified against loss by reason of liability to pay damages caused by the negligent operation of the truck by Frew or any person responsible for its operation with his express or implied consent.   The 1940 truck was not insured by the company. On December 23, 1941, both trucks, one directly behind the other, were being driven by employees of Frew on a public highway in Middlefield in this Commonwealth.   In going up a hill it became necessary for the uninsured truck which was in front to tow the truck in the rear, and both trucks stopped.   Shortly thereafter the front truck slid back into the plaintiff, who was standing between the trucks, and, as

the judge found, "it was this truck that caused the injuries to the plaintiff." This finding is amply warranted by the evidence.

The plaintiff contends that it has been determined by the verdict in the tort action that the operation of the insured truck contributed to the plaintiff's injuries and that this question cannot be retried. We do not agree. It is true, as we said in *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, at page 448, that "Where an action against the insured is ostensibly within the terms of the policy, the insurer, whether it assumes the defence or refuses to assume it, is bound by the result of that action as to all matters therein decided which are material to recovery by the insured in an action on the policy." See also *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 106; *Leonard* v. *Lumbermens Mutual Casualty Co.* 298 Mass. 393, 394; *Sciaraffa* v. *Debler,* 304 Mass. 240, 242. But this does not preclude the insurer from setting up, in an action against it on the policy, any matter constituting a defence and not already determined in the original action. *Mathews* v. *Bloomfield,* 246 Mass. 510. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469. *Kana* v. *Fishman,* 276 Mass. 206. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. The plaintiff's rights do not rise higher than those of Frew, the insured. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436, and cases cited.

We are of opinion that the defendant company was entitled to litigate in this suit the question whether the plaintiff's injuries were caused by a motor vehicle which it had insured. It cannot be said that this was a fact that was determined in the tort case.[1] The plaintiff was entitled to recover against Frew by proof that he was injured by either or both of his trucks if the other elements of liability were present. The verdict therefore cannot be said to have necessarily determined that the plaintiff's injuries were caused by the insured truck; the verdict was consistent with a finding that the injuries were caused by the unin-

---

[1] The pleadings and all of the evidence in that case are not before us.

sured truck. See *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 474.

The plaintiff further argues that the conduct of the defendant company with respect to the tort case was such that it cannot now disclaim liability. The plaintiff in support of this contention invokes the familiar rule that an insurer, after having acquired information sufficient to warrant a disclaimer of liability, cannot continue in defence of an action and, upon the rendition of an adverse verdict, then be heard to say it is not liable. See *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, 4–5; *Goldberg* v. *Preferred Accident Ins. Co.* 279 Mass. 393, 398–399; *Barbeau* v. *Koljanen,* 299 Mass. 329; *Restighini* v. *Hanagan,* 302 Mass. 151; *Klefbeck* v. *Dous,* 302 Mass. 383; *Searls* v. *Standard Accident Ins. Co.* 316 Mass. 606, 609–610. This rule has been said to be based on principles of estoppel or waiver. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35, 38. *Phillips* v. *Stone,* 297 Mass. 341, 344. *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 563.

We are of opinion that there was no estoppel. The facts relating to this aspect of the case are these: The company conducted the defence of the tort case throughout all its stages up to and including the entry of judgment and did not disclaim liability. Prior to the trial the company had been notified by the plaintiff that he would contend that his injuries were caused in whole or in part by the insured truck. Frew in his answers to interrogatories filed in the tort case stated that the plaintiff was injured by the insured truck. Shortly after the accident a representative of the company was informed by the driver of the uninsured truck that the plaintiff's injuries were caused by the truck that he was driving. Counsel for the company in the trial of the present case admitted that when the tort case was heard Minor, the driver of the insured truck, testified that it was the uninsured truck that backed into the plaintiff. These facts do not show that the company waived its rights or is estopped to insist that it did not insure the truck that injured the plaintiff. There could be no estoppel unless, after having "acquired information sufficient to warrant a disclaimer,"

it continued to defend the case. *Klefbeck* v. *Dous*, 302 Mass. 383, 387. But on this record it had no such information. Prior to trial the company had conflicting information as to which truck injured the plaintiff. Clearly this did not justify a disclaimer. See *Sanborn* v. *Brunette*, 315 Mass. 231, 236. To be sure, there was some testimony at the trial that the uninsured truck was responsible for the accident. But Frew's answers to interrogatories (which the plaintiff concedes were introduced at the trial) contained evidence that the insured truck was the cause of the accident. The entire record in that case is not before us and we do not know what other evidence was introduced. In these circumstances we are of opinion that neither before nor during the trial of the tort case was the company in possession of such information as to make it its duty to disclaim or run the risk of an estoppel. See *Restighini* v. *Hanagan*, 302 Mass. 151. It had reasonable grounds for believing that the evidence might establish that the insured truck was the cause of the accident and that it might be liable on the policy. "The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate." *Tracy* v. *Lincoln*, 145 Mass. 357, 360. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 473. On this issue the plaintiff had the burden of proof and he has failed to sustain it.

*Decree affirmed with costs.*