RAYMOND S. WILKINS, special administrator, *vs.* BERKELEY REALTY CORPORATION.

Suffolk.    November 7, 1941. — February 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice*, Findings by judge, Decree. *Contract*, Performance and breach. *Damages*, For breach of contract.

On an appeal from a final decree in a suit in equity, where the record includes a statement of findings made voluntarily by the judge which does not constitute a report under G. L. (Ter. Ed.) c. 214, § 23, nor purport to include all the facts upon which the judge based his conclusions, and the evidence is not reported, the entry of the decree imports a finding of every fact essential to sustain it within the scope of the pleadings and must stand unless some error of law.

A reconveyance of land by the defendant to the plaintiff in a suit in equity "pursuant to" a provision of a contract requiring such reconveyance if the defendant "fails to perform any of the" contract's provisions was an admission by the defendant of such failure and the plaintiff was entitled to such relief as would put him in as good a position as he would have been in had the contract been performed by the defendant.

A final decree in a suit in equity where there was a finding that the defendant owed the plaintiff a certain sum should not order judgment for the plaintiff for that sum, but should adjudge such sum to be due and order it paid.

BILL IN EQUITY, filed in the Superior Court on July 18, 1940.

The case was heard by *Baker*, J. The entire final decree was as follows: "This cause came on to be heard and was argued by counsel, and thereupon upon consideration thereof it is ordered, adjudged and decreed that judgment be and hereby is entered for the complainant in the sum of . . . $2,580.53, together with costs in the sum of $32.40."

*C. M. Rosenfelt*, (*H. Sesnovich* with him,) for the defendant.

*S. DeBard*, (*S. H. Babcock* with him,) for the plaintiff.

DOLAN, J. This is a bill in equity in which Smith P. Burton, Jr., sought an accounting by the defendant to establish and recover from the defendant the amount due from it under a written agreement. The case comes before us upon the appeal of the defendant from the decree entered by the judge. Pending the appeal the plaintiff died and upon motion allowed by this court the special administrator of his estate was substituted as plaintiff. The deceased will be referred to hereinafter as the plaintiff.

Allegations of the bill, admitted by the defendant's answer, disclose that on February 28, 1940, the plaintiff conveyed certain apartment house properties to the defendant. In connection with this conveyance and in consideration thereof a written agreement under seal was executed by the defendant, the terms of which, so far as here material, are as follows: "1. The undersigned [the defendant] will satisfy the following liabilities and indemnify Burton and hold him harmless from all loss, damage or liability in connection with: (a) All brokers' commissions on this transaction. (b) Real estate taxes on the above properties previously assessed and unpaid and to be assessed for 1940. (c) All mortgage interest and mortgage principal payments now in arrears. 2. The undersigned will spend not less than Fifteen Thousand Dollars ($15,000) in or within two (2) years from the date hereof in improving and renovating said properties allocated as follows: (a) 220–222–224 Marlborough Street $8,500 (b) 17–19 Exeter Street 4,000 (c) 68 Commonwealth Avenue 2,500 3. The undersigned will use the

gross income from the properties to pay current expenses, taxes and mortgage interest in connection with said properties, and it will maintain a reserve out of each month's income sufficient to pay the taxes and mortgage interest when due.   4. The undersigned will render to Burton monthly operating statements of the properties and monthly statements as to the reserve.   5. The undersigned will deed and convey the premises to Burton's nominee upon Burton's written request (sent registered mail to Louis Heller, 18 Tremont Street, Boston) if the undersigned fails to perform any of the above provisions.   6. The undersigned will not sell, convey or assign to any person or persons the whole or any part of the above premises unless such person or persons will assume in writing under seal a contract containing the above provisions."

The defendant admitted in its answer that it had received the rents from the premises for the months of March and April, 1940, but alleged, in substance, that "after the current expenses were paid, there was nothing left" to apply in accordance with the terms of the agreement.   By deed dated April 26, 1940, and duly recorded, the defendant conveyed the premises in question to the plaintiff's nominee, "pursuant to paragraph 5" of the agreement.

The evidence is not reported and the judge filed "Findings" in which he found that the gross income from the property exceeded the expenses that the defendant claimed the right to charge to income by the sum of $705.53, and that the "plaintiff . . . [was] entitled to recover the same." The judge further found that the defendant was not entitled to charge against income certain items of expense, alleged to be deductible by the defendant, for the compensation of an agent, attorney fees, broker's commission and for management, aggregating $1,875, and that the plaintiff was also entitled to recover that sum, making the total sum recoverable $2,580.53.   A final decree was entered that "judgment be and hereby is entered for the complainant in the sum of" $2,580.53 together with costs in a fixed amount.

In argument the defendant raises the issue whether it was

entitled to deduct the disputed items. The evidence, however, is not reported and the findings of the judge apparently were made voluntarily and did not constitute a report of material facts under G. L. (Ter. Ed.) c. 214, § 23. It is manifest that they do not show on their face that they were all the facts upon which the judge based the conclusions therein set forth and the final decree entered by him. In these circumstances the entry of the decree imports a finding of every fact essential to sustain it and within the scope of the pleadings. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561-562, and cases cited. *Marcus* v. *Richardson*, 299 Mass. 11, 13. This being so the decree must stand unless vitiated by some error of law.

The defendant admitted in its answer that it conveyed the premises involved to the plaintiff's nominee pursuant to paragraph 5 of the agreement, that is, under its promise so to do if it failed to perform any of the provisions thereof. This is in effect an admission by the defendant of its failure so to perform which entitled the plaintiff to the reconveyance to him of the premises which was made by the defendant. The agreement having thus been rescinded or terminated the defendant became liable to account to the plaintiff for the value of that which the defendant had received. See *R. H. White Co.* v. *Jerome H. Remick & Co.* 198 Mass. 41, 48; *Loomis* v. *Pease*, 234 Mass. 101, 107, and cases cited. The plaintiff was entitled to such relief as would put him in as good a position as he would have been in had the contract been performed by the defendant. Williston, Contracts (Rev. ed.) §§ 1454, 1454 A, 1457. Williams, Vendor and Purchaser (4th ed.) 818, 819. It follows that the plaintiff was entitled to recover from the defendant the sum that the defendant received by way of income from the property involved, over and above the expenses properly incurred by it as found by the judge. *Rudnick* v. *Rudnick*, 281 Mass. 205, 207-208. Am. Law Inst. Restatement: Contracts, §§ 347, 349.

Since this is a proceeding in equity the final decree entered by the judge should not have ordered that judgment be entered for the plaintiff, but should have ordered that the

defendant pay to the plaintiff the amount set forth in the decree as due and the costs. *Malloy* v. *Carroll*, 287 Mass. 376, 390, 391. The final decree is to be modified by ordering the defendant to pay to the legal representative of the deceased plaintiff the amount established as due from the defendant together with the costs below, and as so modified, it is

*Affirmed with costs.*