ROBERT B. MORRISON vs. KATHRYN M. MORRISON.

Middlesex.    May 9, 1946. — July 8, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Equity Jurisdiction*, Accounting. *Husband and Wife. Equity Pleading and Practice*, Master: findings, recommittal, exceptions to report, report of evidence; Decree. *Tenants by the Entirety. Real Property*, Tenancy by the entirety.

Where a master's report does not state nor show that his ultimate conclusion was based solely on the subsidiary findings recited therein, and the pertinent evidence before the master is not wholly reported, the conclusion must stand as binding on the trial court and on this court on appeal unless inconsistent with such subsidiary findings.

Recommittal to a master is the only remedy open to a party claiming to be aggrieved by the master's failure to state in his report all the subsidiary findings on which his ultimate conclusion was based and to state or show that it was based exclusively on them.

In a suit in equity for an accounting of assets owned in fact by the parties as 'tenants' in common, the final decree should have provided the machinery for liquidating and dividing the assets and for requiring each party having record or apparent title to or possession of such assets to take the necessary steps to liquidate them.

The net income derived from real estate owned by husband and wife as tenants by the entirety belongs to the husband.

In a suit in equity for an accounting, an exception of the plaintiff to a master's report, that "the determination of the amount due from . . . [the defendant] . . . raises a question of law upon evidence not reported whether . . . [the defendant] is entitled to be allowed in said account for [certain] items . . . which represent no actual expenditure" by him, was construed as intended to raise the question of law whether such allowance was legally warranted upon the evidence, which question might properly be determined upon a summary of evidence reported by the master at the plaintiff's request under Rule 90 of the Superior Court (1932).

In an accounting by a wife to her husband of money belonging to him as the net income from real estate held by them as tenants by the entirety, an allowance to her for "expenses" of the real estate defrayed by her should not have included an item of depreciation "for bookkeeping purposes only," not representing an actual expenditure but only an estimated diminution in the value of the real estate.

BILL IN EQUITY, filed in the Superior Court on December 5, 1944.

An interlocutory decree confirming a master's report was entered by order of *Good*, J., and a final decree was entered by order of *Cabot*, J.

*H. Williams*, for the plaintiff.

*L. E. Conn*, for the defendant.

LUMMUS, J. A husband brings this bill against his estranged wife, for an accounting and a determination of their property rights. The facts appear in the report of a master which formed the basis for the final decree. The plaintiff appealed from an interlocutory decree confirming the master's report and overruling his exceptions thereto, and from the final decree that gave him limited relief.

The parties were married on February 21, 1913, and lived together in concord until 1944. The defendant started a real estate and insurance business in 1921, and soon afterwards the plaintiff became engaged in it, and from 1922 until November, 1944, the business was conducted in his name. No married woman's certificate was recorded under G. L. (Ter. Ed.) c. 209, § 10. The defendant employed her whole time in the business, but the plaintiff from time to time had other jobs, and after January 1, 1942, was wholly occupied with them and gave no time to the business. The business was conducted for the common purpose of giving them financial independence and security in later life, and with no agreement for any division of the earnings or profits.

In November, 1944, the defendant, without notice to the plaintiff, transferred the checking account into her own name, changed the lock on the office door to prevent entrance by the plaintiff, and began to carry on the business for herself under her own name.

The parties could not lawfully be partners or joint adventurers in business, although they could own property together. *Voss* v. *Sylvester*, 203 Mass. 233. *Edgerly* v. *Equitable Life Assurance Society*, 287 Mass. 238. *Smith* v. *Smith*, 313 Mass. 687. The subsidiary facts found are not so inconsistent with the master's conclusion, that the insurance business belongs to the defendant, that they cannot stand together. *Birnbaum* v. *Pamoukis*, 301 Mass.

559. *Wilkins* v. *Berkeley Realty Corp.* 311 Mass. 148, 151. *Turner* v. *Morson,* 316 Mass. 678, 680. *Jerome* v. *Eastern Finance Corp.* 317 Mass. 364, 365. The cases just cited involved findings by a judge, not by a master, but the governing principles are the same. *MacLeod* v. *Davis,* 290 Mass. 335. *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Brodie* v. *Evirs,* 313 Mass. 741, 744. *Gadreault* v. *Hillman,* 317 Mass. 656, 660. The plaintiff contends that the duty of the master required him to find expressly a complete set of subsidiary facts and to base his conclusion exclusively upon those subsidiary facts. But the plaintiff failed to ask recommittal of the report with directions to do that, and such a recommittal was the only method by which he could obtain what he contends was his right. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 436. *Minot* v. *Minot,* 319 Mass. 253, 257, 258. No error is shown in that part of the final decree that adjudicated the ownership of the insurance business to be in the defendant.

It does not appear that any real estate business now exists as a going concern. Assets of that business still remain. No error is shown in the adjudication that those assets belong to the parties as tenants in common, although by a clerical error their shares were not determined to be equal, as they should have been. The assets of the business, taken as a whole, consisted of cash to the amount of $2,278.95, a deposit in the Middlesex County National Bank of Malden of $486.83, shares in the Malden Cooperative Bank worth $2,011, war bonds worth $2,756.25, and an automobile worth $600, a total of $8,133.03, of which $2,474.56 represented the assets of the insurance business, the ownership of which was adjudicated to be in the defendant, and the balance of $5,658.47 represented assets of the business but not of the insurance business, and that balance was adjudicated to belong to the parties in equal shares. In that we find no error. In finding that all these "are assets of the business" the master stated that that was an ultimate finding of fact "based upon the basic elemental or subsidiary findings of fact essential to the conclusion." On analysis, that

sentence fails to show that those subsidiary findings of fact are contained in the report itself. And in a "summary" the master expressly declares that that finding is "based upon oral testimony . . . together with the documentary evidence that was introduced," little of which appears in the report. The propriety of the ultimate conclusion cannot be tested by resort to subsidiary findings, for the latter do not appear in the report.

We find no such duplication of credits to the defendant as the plaintiff asserts. Paragraph numbered 3 of the final decree must be modified by providing for equal division between the parties of the balance of $5,658.47 just mentioned. Moreover, the decree fails to provide any machinery for liquidating and dividing the assets that total $8,133.03, just mentioned, and for requiring each party having record or apparent title to or possession of such assets to take the necessary steps to liquidate them. The final decree must be modified by the inclusion of proper provisions to that end.

We find no error in paragraph numbered 4 of the final decree, adjudicating certain bank accounts and corporate stock to be the property of the defendant, or in paragraph numbered 5 of the final decree, adjudicating certain other corporate stock to be the property of the plaintiff.

From October, 1936, until November, 1944, there was a deposit in the names of the parties jointly in the First National Bank of Malden, upon which either might draw. This is called in the report the Avalon account. In November, 1944, the defendant transferred this account into her own name. It is inferable that she received the benefit of all the money deposited in this account, except certain money drawn from it for expenses of managing the real estate. Into this account between January 1, 1942, and November 30, 1944, went earnings of the plaintiff in various positions unconnected with the defendant amounting to $10,840.98, and also the net income of real estate standing in the names of the parties as tenants by the entirety amounting to $2,976.12. Both these amounts were the property of the plaintiff. *Childs* v. *Childs*, 293 Mass. 67,

71, 72. *Franz* v. *Franz*, 308 Mass. 262, 265. *MacNeil* v. *MacNeil*, 312 Mass. 183, 185. *Wingrove* v. *Leney*, 312 Mass. 683. Both these amounts were on the same footing, but the final decree ordered the defendant to pay to the plaintiff only the latter and smaller amount, with interest. The plaintiff's exceptions to the master's report numbered 1 and 2 should have been sustained, and the interlocutory decree confirming that report is modified accordingly. The final decree is modified so as to require payment by the defendant to the plaintiff of the sum of the two amounts, with interest.

In computing the amount due to the plaintiff from the defendant on account of the Avalon account, the master deducted certain "expenses" of the real estate held in tenancy by the entirety from the income thereof, in determining the net profit thereof for which the defendant is accountable to the plaintiff. The report itself does not disclose the fact, asserted by the plaintiff, that included in those expenses were items aggregating $9,072.17 for depreciation of the real estate which represent no actual expenditure out of the account, but only the estimated diminished value of the real estate. If that be the fact, the depreciation, if allowed, would amount to an allowance of that amount to the defendant out of income belonging to the plaintiff. The exception of the plaintiff numbered 3 is to the effect that "the determination of the amount due from the . . . [defendant] on the so called Avalon account . . . raises a question of law upon evidence not reported whether the . . . [defendant] is entitled to be allowed in said account for items aggregating $9,072.17 for depreciation of real estate which represent no actual expenditure." The plaintiff requested and obtained a "summary" of the evidence upon that exception, under Rule 90 of the Superior Court (1932). The purpose and effect of such a "summary" were explained in *Minot* v. *Minot*, 319 Mass. 253, 259–261. Under Rule 90 there can be no such "summary" unless an exception "raises a question of law which depends upon evidence not reported." The exception in question asserts that a question of law is raised, but does

not state clearly what that question is. With some hesitation we conclude that the question of law, as distinguished from fact, that the exception meant to raise, must have been the question of law whether an allowance of the depreciation items aggregating $9,072.17 as a credit to the defendant was legally warranted upon the evidence. With respect to that question of law only, we may properly refer to the "summary" reported by the master. *Minot v. Minot,* 319 Mass. 253, 261. That "summary" discloses that the depreciation was introduced into the account "for bookkeeping purposes only, and that there was no actual depreciation in the value of the real estate," and supports the present contention of the plaintiff that the allowance of the depreciation in diminution of the liability of the defendant was unwarranted as matter of law upon the evidence. Accordingly, the plaintiff's exception numbered 3 is sustained, and the interlocutory decree is modified accordingly. The final decree is modified by adding the amount of $9,072.17 and interest to the amount which the defendant has hereinbefore been found liable to the plaintiff.

As modified by this opinion, the interlocutory decree is affirmed and the final decree is affirmed.

*So ordered.*