PETER MOZYNSKI *vs.* FRANCES WELLS & another.

Plymouth.    February 2, 1953. — February 26, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Gift.  Equity Pleading and Practice,* Amendment into action at law.  *Parent and Child.*

In a suit in equity by a father to set aside on the ground of fraudulent representations a conveyance of real estate by him to his daughter, upon findings negativing fraudulent representations and showing that he had made a completed gift of the property to her, there was no error nor abuse of discretion in the denial by the trial judge of a motion by the plaintiff to amend the suit into an action at law to recover the value of the property.

A subsidiary finding in a suit in equity, that a daughter to whom real estate had been conveyed by her father increased a mortgage thereon with his knowledge and consent, was not inconsistent with a conclusion by the trial judge that the conveyance was one whereby the daughter "was to hold title in said property without qualification."

BILL IN EQUITY, filed in the Superior Court on October 15, 1951.

The suit was heard by *Hudson,* J.

*Alton F. Lyon,* for the plaintiff.

*Edward H. Stevens,* (*Eben G. Townes* with him,) for the defendant Wells.

RONAN, J.   This is an appeal from a final decree dismissing a bill brought by the plaintiff against his daughter and a mortgagee bank to set aside a conveyance of real estate which, he alleged, he was induced to make by fraudulent representations that she would relieve him of the burden of paying taxes, interest on the mortgage, and maintenance expenses, and that he could live there undisturbed for the rest of his life.

The evidence is not reported.   The judge made brief voluntary findings of fact which we now narrate.   The plaintiff, seventy-five years of age, had lived separate from

his wife for twenty-three years. Since 1946 and until her death on March 28, 1950, he was required by an order made upon a complaint for nonsupport to pay for her support and that of their minor child. Actuated by love and affection for his daughter (hereinafter called the defendant) and concerned for the welfare of her family, he conveyed the premises in question to her on October 3, 1949. This gift was also made in appreciation of the sacrifices she had made in behalf of her mother. She increased the mortgage on this real estate in June, 1951, with the knowledge, consent, and approval of her father. In conclusion, the judge found that the conveyance was made for good and sufficient consideration and that the defendant "was to hold title in said property without qualification."

The plaintiff, apparently realizing that he had not made out a case of fraudulent representations upon the part of the daughter, which were the only grounds upon which the bill was based, and that under our laws, as between the parties, a completed gift of real estate cannot be set aside where no power of revocation is reserved except upon proof of mental incapacity, mistake, fraud, or undue influence or a similar cause, or except in the case of a deed which derives its effect from the statute of uses, *Beal* v. *Warren*, 2 Gray, 447; *Bartlett* v. *Bartlett*, 4 Allen, 440, 443; *Comstock* v. *Son*, 154 Mass. 389; *Taylor* v. *Buttrick*, 165 Mass. 547; American Law of Property, § 12.43, filed a motion to amend the suit from equity to law. The motion recited that it appeared from the findings that the defendant was not a purchaser for value and therefore the plaintiff desired to recover the value of the premises. It is hard to see why the findings did not foreclose any action for damages. In any event, the denial of the motion was not an abuse of discretion, and there was no error in the ruling of the judge. *Bressler* v. *Averbuck*, 322 Mass. 139, 143.

The plaintiff contends that the subsidiary finding that the mortgage was increased by the defendant with the knowledge and consent of her father is inconsistent with the general finding that the conveyance was an out and out

transfer to the defendant "without qualification." If we assume in favor of the plaintiff, without making any intimation, that the voluntary report was intended to be a complete recital of all the facts which induced the judge to enter the decree, *Kisley* v. *Kisley*, 322 Mass. 676; *Highland Club of West Roxbury* v. *John Hancock Mutual Life Ins. Co.* 327 Mass. 711; compare *Birnbaum* v. *Pamoukis*, 301 Mass. 559; *Warner* v. *Selectmen of Amherst*, 326 Mass. 435, we think that the subsidiary finding and the general finding can both stand together. It would not be unusual for a daughter who was friendly with her father, in appreciation of his kindness to her, to consult with him with reference to securing a larger mortgage, or for her to be prompted to do so not in accordance with any legal obligation but merely as a matter of gratitude arising out of the relations ordinarily existing between a father and his child. See *Morrison* v. *Morrison*, 320 Mass. 133, 134; *Armstrong* v. *O'Brien*, 329 Mass. 572.

The interlocutory decree denying the motion to amend into law is affirmed. The final decree dismissing the bill is affirmed with costs of the appeal.

*So ordered.*