FRANK A. FLYNN *vs.* PATRICK C. MURPHY & others.

Bristol.   February 10, 1966. — March 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL,
& REARDON, JJ.

*Contract,* Covenant against competition. *Equity Pleading and Practice,*
Findings by judge, Report of material facts.

On a report of material facts under G. L. c. 214, § 23, in a suit in equity
there is no room for any implication of further facts.
Under a provision of a company's profit sharing retirement plan, that "a
member would forfeit . . . his account if he . . . entered the employ
of a competitor . . . within two years after his separation from [the
company's] employment," a member who entered the employ of a com-
petitor within such time forfeited his account even though he entered a
department of the competitor not in competition with the company.

BILL IN EQUITY filed in the Superior Court on August 27,
1963.

The suit was heard by *Gourdin, J.*

*Philip Goltz* for the defendants.

*Edward Wolper* for the plaintiff.

WILKINS, C.J.   The plaintiff, a former employee of Pre-
cision Thread Co., Inc. (Precision), a Massachusetts corpo-
ration, brings this bill in equity against Precision and four
trustees of a trust instrument under Precision's profit shar-
ing retirement plan to recover a sum of money allegedly
due him under the plan.

The judge made a report of the material facts found by
him under the statute.   G. L. c. 214, § 23.   The evidence is
not reported.

The plaintiff was an assistant chemist engaged in the
manufacture of extruded rubber thread.   As such he be-
came entitled to $1,820.67 as his share in the plan.   There
was a provision that "a member would forfeit the unpaid
portion of his account if he entered into competition with
the company and entered the employ of a competitor, or

revealed trade secrets of the company within two years after his separation from employment.'' The plaintiff severed relations with Precision and became an employee of S. P. A. Fillattice, of Milan, Italy. The defendants determined that the plaintiff had forfeited his share because he had violated the provisions of the plan. The plaintiff ''engaged with the Italian company to set up a new department engaged in the process called Spandex.'' Precision at the time of the plaintiff's employment was also experimenting with Spandex, but the plaintiff was not engaged in that department. ''On these facts,'' the trial judge found that the plaintiff did not enter into competition with Precision, or reveal trade secrets, and that although he entered the employ of a company which was in competition in some respects, he entered a department which was not in competition. The judge found that the plaintiff is entitled to his share in the fund.

The final decree adjudged that the defendant trustees are indebted to the plaintiff in the sum of $1,820.67 and interest and ordered its payment. The defendant trustees appealed.

By the phrase ''on these facts'' the trial judge based his conclusion upon the findings reported by him. In a report of material facts made under G. L. c. 214, § 23, there is no room for any implication of further facts. *Topor* v. *Topor,* 287 Mass. 473, 476. *Goldston* v. *Randolph,* 293 Mass. 253, 255. *Wilkins* v. *Berkeley Realty Corp.* 311 Mass. 148, 151. Compare *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 562. There is a clear finding that the plaintiff entered the employ of a competitor of Precision. The qualifying finding that he entered a department not in competition with Precision and hence did not lose his rights in the fund is an alteration of the contract which is not permissible.

The final decree is reversed. A final decree shall be entered dismissing the bill.

*So ordered.*